UNITED STATES of America,
Plaintiff–Appellee,

v.

Rafael BARON–MEDINA,
Defendant–Appellant.

No. 98–50493.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 1999.

Decided Aug. 19, 1999.

Mayra Garcia, Federal Defenders of San Diego, Inc., San Diego, California, for defendant-appellant.

Jonah H. Goldstein, Bruce R. Castetter, Assistant United States Attorneys, San Diego, California, for plaintiff-appellee.

Before: KOZINSKI and FERNANDEZ, Circuit Judges, and SHUBB,* District Judge.

SHUBB, District Judge:

In this appeal we must determine whether a conviction under California Penal Code Section 288(a) constitutes an "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43). We conclude that it does, because we find that a conviction under Section 288(a) constitutes a conviction for "sexual abuse of a minor" within the meaning of 8 U.S.C. § 1101(a)(43)(A).

### I.

Appellant Rafael Baron–Medina is a native of Mexico who had immigrated illegally to the United States. The government deported him to Mexico in 1993. In December of 1997, he was again found to be present, illegally, within the borders of the

United States, and arrested. On July 13, 1998, he pled guilty to violating 8 U.S.C. § 1326(a), which imposes criminal penalties on any alien who "has been denied admission, excluded, deported, or removed," and who thereafter "enters, attempts to enter, or is at any time found in, the United States." 8 U.S.C. § 1326(a).

In the case of an alien who has been previously deported subsequent to conviction for an "aggravated felony" and who then returns to the United States, Section 1326(b)(2) increases the maximum sentence from two years to twenty years. Section 2L1.2(b)(1)(A) of the United States Sentencing Commission Guidelines Manual ("USSG")(Nov.1997) imposes a sixteen-level sentencing enhancement in such cases. Title 8, Section 1101(a)(43) of the United States Code lists the crimes that qualify as aggravated felonies. Pursuant to these provisions, the district court, in sentencing appellant, took into consideration his 1987 conviction under California Penal Code Section 288(a).

### II.

At the time of appellant's 1987 conviction, Penal Code Section 288(a) read as follows:

Any person who shall willfully and lewdly commit any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of three, six, or eight years.

The district court determined that the Section 288(a) conviction qualified as an "aggravated felony" because it constituted "sexual abuse of a minor" within the meaning of 8 U.S.C. § 1101(a)(43)(A).[1] Based

---

* The Honorable William B. Shubb, Chief Judge of the United States District Court for the Eastern District of California, sitting by designation.

1. The district court also concluded, alternatively, that a Section 288(a) conviction constitutes an "aggravated felony" because it is a

on that determination, the district court imposed the sixteen-level enhancement required by USSG § 2L1.2(b)(1)(A), and sentenced appellant to seventy months in prison.

■ We have jurisdiction to review this sentence pursuant to 28 U.S.C. § 1291, and we review de novo the district court's interpretations of the sentencing guideline and the aggravated felony statute. *See United States v. Lomas*, 30 F.3d 1191 (9th Cir.1994).

### III.

■ Appellant challenges the conclusion that a Section 288(a) conviction constitutes "sexual abuse of a minor." Congress added "sexual abuse of a minor" to the list of aggravated felonies in 8 U.S.C. § 1101(a)(43), essentially without comment, when it enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Pub.L. No. 104–208, 110 Stat. 3009, 3009–627; *see* H.R. Conf. Rep. No. 828, 104th Cong., 2nd Sess. (1996); 142 Cong. Rec. S11,838–01 (1996). The term includes convictions under both federal and state law. 8 U.S.C. § 1101(a)(43)("[t]he term applies to an offense described in this paragraph whether in violation of Federal or State law").

■ As a threshold matter, we reject any suggestion that the federal sexual abuse laws, codified at Chapter 109A of the United States Code, limit the class of state laws reached by the term. *See* 18

U.S.C. §§ 2241–2248. When Congress added "sexual abuse of a minor" to the list of aggravated felonies, it placed it in the company of two other crimes—murder and rape—traditionally proscribed by state law, without cross-referencing Chapter 109A or any other federal statute.[2] In fact, Congress did, in sixteen other instances, cross-reference conduct to specific federal substantive offenses, while in the case of other traditionally state-law crimes such as theft, prostitution, and fraud, it did not. *Compare* 8 U.S.C. § 1101(a)(43)(A), (G), (K)(i), (M)(i), & (Q)-(U) *with* 8 U.S.C. § 1101(a)(43)(B)-(F), (H), (I), (J), (K)(ii) & (iii), (L), (M)(ii), (N), (O), & (P).

Rather, we must interpret the undefined term "sexual abuse of a minor" by "employing the ordinary, contemporary, and common meaning of the words that Congress used," *Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1174 (9th Cir. 1999), and then determine whether or not Section 288(a) falls within it. This determination must be made categorically. *Lomas*, 30 F.3d at 1193. The crime defined by Section 288(a) qualifies as "sexual abuse of a minor" and hence an aggravated felony if and only if the "full range of conduct" covered by it falls within the meaning of that term. *Id.* We look solely to the statutory definition of the crime, not to the name given to the offense or to the underlying circumstances of the predicate conviction. *Id.* (relying on *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)).[3]

---

"crime of violence." *See* 8 U.S.C. § 1101(a)(43)(F); 18 U.S.C. § 16. Because we find that the statute falls within the definition of "sexual abuse of a minor," we do not consider this alternative ground.

2. This case therefore differs fundamentally from *United States v. Kemmish*, 120 F.3d 937 (9th Cir.1997), and *United States v. Ketcham*, 80 F.3d 789 (3rd Cir.1996), which discussed a sentencing guideline that defined "sexual abuse" by expressly cross-referencing the guidelines applicable to Chapter 109A. *See* USSG § 2G2.2 (Nov.1994), comment. (n.5).

3. In *Taylor,* the Supreme Court suggested that even if the predicate offense did not qualify

categorically, enhancement might still apply "in a narrow range of cases where a jury was actually required to find all the elements" of the category. *Taylor,* 495 U.S. at 602, 110 S.Ct. 2143. This court has since held that this exception can be invoked in the case of guilty pleas as well, and that in such cases the court may consider not only the charging instrument but the plea transcript itself. *United States v. Bonat,* 106 F.3d 1472, 1476 (9th Cir.1997)(considering enhancement under 18 U.S.C. § 924(e)). Here, however, the government has not raised the underlying facts of appellant's predicate conviction, and neither the charging instrument nor the plea transcript from that conviction appears in the record below.

Section 288(a) has two elements: (a) the touching of an underage child's body (b) with a sexual intent. *People v. Martinez*, 11 Cal.4th 434, 45 Cal.Rptr.2d 905, 903 P.2d 1037, 1042–1043 (1995). However, under California law, the character of the touching, though perhaps circumstantially relevant to prove intent, is otherwise immaterial. *Martinez*, 45 Cal.Rptr.2d 905, 903 P.2d at 1048. Even an "innocuous" touching, "innocently and warmly received," violates Section 288(a) if effected with lewd intent. *People v. Lopez*, 19 Cal.4th 282, 79 Cal.Rptr.2d 195, 965 P.2d 713, 717–718 (1998). In fact, Section 288(a) can be violated by a person who does not himself touch the victim child, if the person, with the requisite intent, coerces the child to touch himself. *See People v. Imler*, 9 Cal.App.4th 1178, 1182, 11 Cal.Rptr.2d 915, 917 (Cal.App. 2 Dist. 1992).[4]

The conduct reached by Section 288(a) indisputably falls within the common, everyday meanings of the words "sexual" and "minor." Moreover, the expansive reach of Section 288(a) does not persuade us that it does not punish "abuse." The use of young children for the gratification of sexual desires constitutes an abuse. We reject the notion that the defendant in the *Imler* case did not "abuse" his young victim, or that Congress intended the aggravated felony law to excuse an individual who preys upon a child too young to understand the nature of his advances. *See Lopez*, 79 Cal.Rptr.2d 195, 965 P.2d at 717–718 (Cal. Pen.Code § 288(a) violated even where touching is "innocently and warmly received"). The use of young children as objects of sexual gratification is corrupt, improper, and contrary to good order. *Black's Law Dictionary* 10 (5th ed.1979)(defining "abuse"); *Webster's Third New International Dictionary* 8 (1976)(same). It constitutes maltreatment, no matter its form. *Black's Law Dictionary* 10.

IV.

We therefore conclude that appellant's conviction under California Penal Code Section 288(a) qualified as a conviction for "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A), and required the imposition of a sixteen-level sentencing enhancement under USSG § 2L1.2(b)(1)(A).

The sentence is therefore AFFIRMED.

---

4. In *Imler*, the perpetrator had telephoned a young boy and told him that if he did not disrobe and touch his penis, he would never see his father again. The California Court of Appeal upheld a conviction for attempted violation of Section 288(a), on the theory that the statute does not require contact between perpetrator and victim.