**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Antonio DIAZ–CORTES, aka Antonio Diaz, Defendant—Appellee.**

No. 01–10506.

D.C. No. CR 00–01537–ACM.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2002.*

Decided March 19, 2002.

Before RYMER, KLEINFELD, and MCKEOWN, Circuit Judges.

MEMORANDUM **

After pleading guilty, Antonio Diaz–Cortes was sentenced by the district court to twelve months in prison for illegal reentry. The government appeals the district court's decision not to treat Diaz's prior state court conviction for criminal aggravated sexual abuse as an aggravated felony. We reverse and remand for resentencing.

Diaz was sentenced pursuant to U.S.S.G. § 2L1.2. As it read at the time of Diaz's illegal reentry, § 2L1.2(b)(1)(A) imposed a sixteen-level enhancement if the defendant previously was deported after a conviction for an aggravated felony. U.S.S.G. § 2L1.2(b)(1)(A) (2000). Section 2L1.2(b)(1)(A) applies the definition of ag-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

gravated felony found at 8 U.S.C. § 1101(a)(43), which includes "sexual abuse of a minor" in the definition. U.S.S.G. § 2L1.2, cmt., n. 1 (2000). Hence, the task for the district court was to determine whether Diaz's Illinois conviction for aggravated criminal sexual assault qualifies as "sexual abuse of a minor."

Diaz concedes that the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), governs this determination. *See United States v. Rivera–Sanchez*, 247 F.3d 905, 907–08 (9th Cir.2001) (en banc). Instead of applying it, however, the district court looked behind the facts of the underlying felony, which *Taylor* precludes.

Applying the categorical approach, Diaz's prior conviction clearly constitutes "sexual abuse of a minor." Ill. Comp. Stat. §§ 5/12–16(d) and 5/12–17(b), is virtually identical to the federal statute criminalizing sexual abuse of a minor, 18 U.S.C. § 2243, and the phrase "sexual abuse of a minor" includes all of the conduct prohibited by the Illinois statute. *See also United States v. Baron–Medina*, 187 F.3d 1144, 1146 (9th Cir.1999), *cert. denied*, 531 U.S. 1167, 121 S.Ct. 1130, 148 L.Ed.2d 996 (2001). Therefore, Diaz's prior conviction is an aggravated felony for sentencing purposes. He must be resentenced on remand accordingly.

REVERSED AND REMANDED.

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.