UNITED STATES of America, Plaintiff—Appellee,

v.

Alfredo LANDEROS–VARGAS, Defendant—Appellant.

No. 01–50262.

D.C. No. CR–99–3515–JNK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2002.

Decided April 3, 2002.

Before BEEZER, TASHIMA, and GRABER, Circuit Judges.

## MEMORANDUM *

Alfredo Landeros–Vargas (Landeros) appeals his conviction and sentence for being a deported alien "found in" the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

We conclude that the indictment was sufficient to charge an offense under 8 U.S.C. § 1326, despite the fact that it did not allege voluntary reentry, because it "charges all statutory elements of the offense ... -that the defendant is an alien; had been deported; was subsequently

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as may be provided by Ninth Cir. R. 36–3.

found in the United States; and did not have the Attorney General's permission to reapply for admission." *See United States v. Parga–Rosas,* 238 F.3d 1209, 1211 (9th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 319, 151 L.Ed.2d 238 (2001). Further, because Landeros was found well inside the border and free from official restraint, and has made no showing that his entry was involuntary, there is no basis for reversing his conviction on the ground that the government failed to allege a voluntary entry in the indictment. *Id.*

■ It is also unnecessary for an indictment under § 1326 to include an "allegation of wilfulness." *Pena–Cabanillas v. United States,* 394 F.2d 785, 789 (9th Cir. 1968). Specific intent is not an element of the offense or a part of the government's burden of proof. *Id.* at 790. Accordingly, the government was not required to prove that Landeros "knew he was not entitled to enter the country without the permission of the Attorney General." *Id.* Likewise, the government was not required to prove that Landeros knew that he lacked the permission of the Attorney General to reenter; therefore, it was unnecessary to include an allegation of such knowledge in the indictment. We decline to reexamine our holding in *Pena–Cabanillas* because Landeros has failed to show that it has been overruled or effectively undermined by *Carter v. United States,* 530 U.S. 255, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000), or any of the other intervening Supreme Court cases that he cites. *See Baker v. Hazelwood (In re Exxon Valdez),* 270 F.3d 1215, 1235–36 & n. 85 (9th Cir.2001) (citing *United States v. Gay,* 967 F.2d 322, 327 (9th Cir.1992)). Moreover, we have previously declined to reconsider this rule, in spite of the significant increase in the penalties for a violation of § 1326. *See United States v. Ortiz–Villegas,* 49 F.3d 1435, 1437 (9th Cir.1995). We decline to do so here as well.

The district court did not err in omitting a knowledge requirement from its jury instructions. Its instructions accurately reflected the law and properly stated the elements of the § 1326 "found in" offense. Landeros was entitled to nothing more. *See United States v. Iverson,* 162 F.3d 1015, 1025 (9th Cir.1998).

■ The record also demonstrates that the district court did not clearly err in finding that Landeros was competent to stand trial. *See United States v. Timbana,* 222 F.3d 688, 700–01 (9th Cir.) (citing *United States v. Chischilly,* 30 F.3d 1144, 1150 (9th Cir.1994)), *cert. denied,* 531 U.S. 1028, 121 S.Ct. 604, 148 L.Ed.2d 516 (2000). Despite the conflicting opinion of the defense expert, it was within the district court's discretion in the performance of its "fact-finding and credibility functions" to "assign greater weight" to the findings of the government's expert, who found Landeros to be competent after three months of observation, reports from staff, and approximately five interviews, than to the contrary conclusion of the defense expert. *See United States v. Frank,* 956 F.2d 872, 875 (9th Cir.1991).

■ We also reject Landeros' contention that the district court violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), when it relied on a prior conviction for rape as an aggravated felony in determining his sentence, because that conviction was neither alleged in the indictment, admitted to by the defendant, nor proven at trial beyond a reasonable doubt. This argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and *United States v. Arellano–Rivera,* 244 F.3d 1119 (9th Cir. 2001) (applying *Almendarez–Torres* to a case in which the defendant was convicted by a jury), *cert. denied,* —— U.S. ——, 122 S.Ct. 1450, 152 L.Ed.2d 392 (2002).

Finally, Landeros contends that his prior conviction for rape under Cal.Penal Code § 261(2) (1989) does not qualify as an "aggravated felony," warranting a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), as it existed when he was sentenced on April 9, 2001. *See* U.S. Sentencing Guidelines Manual § 2L1.2 (2000). The list of crimes that qualify as "aggravated felonies" for the purposes of enhancement under U.S.S.G. § 2L1.2 includes the crime of "rape . . . whether in violation of Federal or State law." 8 U.S.C. § 1101(a)(43)(A). Because we conclude that the conduct prohibited by Cal.Penal Code § 261(2) (1989) falls within the "ordinary, contemporary, and common meaning" of rape, *see e.g.,* Black's Law Dictionary (7th ed.1999) (defining rape as (1) "unlawful sexual intercourse committed by a man with a woman not his wife through force and against her will" and (2) "unlawful sexual activity . . . with a person . . . without consent and usually by force or threat of injury"), we further conclude that Landeros' prior rape conviction constituted an "aggravated felony" within the meaning of § 1101(a)(43)(A). *See Castro–Baez v. Reno,* 217 F.3d 1057, 1058–59 (9th Cir.2000) (applying the analysis set forth in *United States v. Baron–Medina,* 187 F.3d 1144, 1146–47 (9th Cir.1999), *cert. denied,* 531 U.S. 1167, 121 S.Ct. 1130, 148 L.Ed.2d 996 (2001), to conclude that a prior rape conviction under Cal.Penal Code § 261(a)(3) (1996) constituted an "aggravated felony" for sentencing purposes).

The judgment and sentence of the district court are therefore

AFFIRMED.