Henry **PINEDA APOLDO**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

Nos. 02–71895.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 2, 2004.*

Decided Aug. 4, 2004.

R. Wayne McMillan, Esq., McMillan & Tkach, LLP., Pasadena, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC-District Counsel, Esq., Los Angeles, CA, Ronald E. LeFevre, Chief Legal, San Francisco, CA, M. Jocelyn Wright, Esq., Anthony P. Nicastro, Esq., Washington, DC, for Respondent.

Before: CANBY, HANSEN,** and RAWLINSON, Circuit Judges.

MEMORANDUM,***

Henry Pineda Apoldo, a native and citizen of the Philippines, entered the United States as a legal permanent resident in 1985. On October 26, 1992, Apoldo pleaded guilty under California Penal Code § 288(c) to committing lewd and lascivious acts upon a child. In 2001, he was charged under 8 U.S.C. § 1227(a)(2)(A)(iii) as being deportable by reason of his conviction of an "aggravated felony." Apoldo admitted the charges, and the immigration judge (IJ) denied his request for relief under former INA § 212(c), 8 U.S.C. § 1182(c) (repealed in 1996). Apoldo now petitions for review of the Board of Immigration Appeals' (BIA) order summarily affirming the IJ's order of removal. We dismiss the petition.

We have no jurisdiction to review the IJ's order of removal if Apoldo was, in fact, removable for his conviction of an "aggravated felony." 8 U.S.C. § 1252(a)(2)(C) ("Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed [an 'aggravated felony'].").  We do have jurisdiction, however, to determine our own jurisdiction or lack thereof. *Cedano–Viera v. Ashcroft,* 324 F.3d 1062, 1065 (9th Cir.2003). Thus, we have jurisdiction to determine whether Apoldo's conviction under California Penal Code § 288(c) is a conviction for an aggravated felony. *Id.* Specifically, we must decide whether a violation of § 288(c) qualifies as "sexual abuse of a minor" within the meaning of 8 U.S.C. § 1101(a)(43)(A) (defining "aggravated felony" to include "sexual abuse of a minor").

The phrase "sexual abuse of a minor" is not ambiguous and must be given its "ordinary, contemporary, and common reading." *Cedano–Viera,* 324 F.3d at 1066 (citation omitted). California Penal Code § 288(c) criminalizes a lewd or lascivious act on a child between the ages of 14 and 15, where the perpetrator is at least 10 years older than the child. Interpreting a related statute, California Penal Code § 288(a), we held in *United States v. Baron–Medina,* 187 F.3d 1144, 1147 (9th Cir. 1999), that a conviction for committing a lewd or lascivious act on a child under the age of 14 is "sexual abuse of a minor" as defined in § 1101(a)(43)(A) and therefore an "aggravated felony" under § 1227(a)(2)(A)(iii). Although the age of the child involved differs slightly, there is no principled distinction between § 288(a) and § 288(c) for the purposes of § 1101(a)(43)(A), particularly in light of the ten-year age difference requirement. Because a child who is between 14 and 15 is a "minor" under the "ordinary, contemporary, and common reading" of that term,

---

** The Honorable David R. Hansen, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

we conclude that a violation of § 288(c) qualifies as "sexual abuse of a minor" and therefore is an "aggravated felony" under § 1227(a)(2)(A)(iii).

Because Apoldo's conviction under California Penal Code § 288(c) is an "aggravated felony," we dismiss his petition for lack of jurisdiction. The parties' assertion that we retain jurisdiction to consider Apoldo's constitutional claims has been foreclosed by our decision in *Cedano-Viera*. *See* 324 F.3d at 1064, 1067–70 ("[C]onstitutional claims by aliens who are subject to removal as aggravated felons must be raised in the district court through habeas corpus proceedings.").

DISMISSED.