**Ovidio Antonio GOMEZ–MARTINEZ,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 05–70863.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 2007.

Filed April 25, 2007.

Ronald W. Messerly, Esq., Snell & Wilmer, LLP, Phoenix, AZ, for Petitioner.

---

* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

Ovidio Antonio Gomez–Martinez, Eloy, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Carol Federighi, Esq., M. Jocelyn Lopez Wright, Esq., Song Park, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG and W. FLETCHER, Circuit Judges, and HOLLAND *, District Judge.

MEMORANDUM **

Ovidio Antonio Gomez–Martinez ("Petitioner") is a native and citizen of El Salvador. The Board of Immigration Appeals ("BIA") found Petitioner removable and ineligible for any relief from deportation after having been convicted of an aggravated felony for "sexual abuse of a minor" under California Penal Code § 288(a). Petitioner now appeals on the grounds that: 1) violation of California Penal Code § 288(a) is not an aggravated felony in light of California's aiding and abetting laws; 2) the Immigration Judge ("IJ") violated his due process rights; and 3) the BIA abused its discretion in denying his Motion to Remand for changed circumstances under the Convention Against Torture ("CAT"). We deny the petition for review.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We have held a conviction under California Penal Code § 288(a) categorically constitutes an "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43). *See United States v. Baron–Medina*, 187 F.3d 1144, 1145 (9th Cir.1999). However, if Petitioner shows that a conviction under California's aiding and abetting laws as applied to § 288(a) criminalizes conduct that falls outside the generic definition of "sexual abuse of a minor," the conviction is not categorically an "aggravated felony" as applied to him. *Gonzales v. Duenas–Alvarez*, 549 U.S. ——, 127 S.Ct. 815, 821, 166 L.Ed.2d 683 (2007). *Duenas–Alvarez* makes clear that it is Petitioner's burden to provide this Court with cases showing that California's aiding and abetting laws apply too broadly under § 288(a). *Id.* at 822 ("[T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime. To show that realistic possibility, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues."). We hold that, in light of the cases Petitioner has provided, he does not make the required showing.

We also hold that there was no due process violation during Petitioner's removal proceedings. Although the IJ did not read the amended charge to Petitioner in non-technical language, *see* 8 C.F.R. § 1240.10(a)(6), (e), this omission did not substantially prejudice Petitioner's ability to prepare a defense. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir.2000). The IJ thoroughly questioned Petitioner as to whether he was prepared given the amended charges.

Finally, we lack jurisdiction to review Petitioner's CAT claim because he is an aggravated felon who is not alleging a constitutional claim or question of law. *See* 8 U.S.C. § 1252(a)(2)(D).

**Petition DENIED.**