Carlogil Enriquez **SANTOS**, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76561.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 13, 2007.

Ted Laguatan, Law Offices of Ted Laguatan and Associates, Daly City, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Nancy E. Friedman, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Carlogil Enriquez Santos, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") decision pretermitting Santos' application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001), and we deny the petition for review.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Santos' contention that the IJ violated due process by pretermitting his application for cancellation of removal is unavailing because Santos' conviction under section 11378 of the California Health and Safety Code, possession for sale of methamphetamine, makes him statutorily ineligible for cancellation of removal as an aggravated felon. *See United States v. Baron–Medina,* 187 F.3d 1144, 1146 (9th Cir.1999) (stating that where a state conviction is at issue, the crime is an aggravated felony where the conduct prohibited under the state statute is also punishable under federal law); *see also Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge).

We are not persuaded by Santos' challenge to the BIA's procedure of adoption and affirmance under *Matter of Burbano,* 20 I. & N. Dec. 872, 874 (BIA 1994). *See Abebe v. Gonzales,* 432 F.3d 1037, 1040 (9th Cir.2005) (en banc) (discussing BIA affirmances under *Burbano* ).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.