**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50309 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01111-MMM-1 |
| v. | |
| CARLOS ENRIQUE KISS-VELASQUEZ, AKA Carlos Enrique Guzman Velasquez, AKA Carlos Kiis, AKA Carlos Enrique Kiis, AKA Carlos Kiss Velasquez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted August 31, 2011[**]
Pasadena, California

Before: ALARCÓN, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Carlos Enrique Kiss-Velasquez appeals from his conviction and sentence of being an illegal alien found in the United States subsequent to deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

## I

Kiss-Velasquez represented to the district court that he would challenge the Government's proof as to the voluntariness of his entry and would not present an affirmative defense of duress. His contention that the district court erred in granting the government's motion *in limine* because his offer of proof satisfied the requirements of a necessity defense has therefore been waived. *See United States v. Quintana-Torres*, 235 F.3d 1197, 1199 (9th Cir. 2000). Furthermore, the facts advanced by Kiss-Velasquez would not have supported a necessity defense as a matter of law. *See United States v. Perdomo-Espana*, 522 F.3d 983, 987 (9th Cir. 2008).

## II

The law of this Circuit does not support Kiss-Velasquez's contention that the admission of a warrant of deportation to substantiate his deportation in 2000 violated his rights under the Confrontation Clause. *United States v. Orozco-Acosta*, 607 F.3d 1156, 1164 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 946 (2011).

2

## III

Kiss-Velasquez argues that the district court erred in considering his request for a downward departure under U.S.S.G. § 5K2.12 for imperfect duress within its analysis of the sentence's substantive reasonableness pursuant to 18 U.S.C. § 3553(a). We disagree. "In analyzing challenges to a court's upward and downward departures to a specific offense characteristic or other adjustment under Section 5K, we do not evaluate them for procedural correctness, but rather, as part of a sentence's substantive reasonableness." *United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011) (citing *United States v. Mohamed*, 459 F.3d 979, 986 (9th Cir. 2006)).

## IV

Kiss-Velasquez contends that the district court erred in concluding that he was convicted of an aggravated felony involving "sexual abuse of a minor," and that a deadly weapon was involved in his recent arrest. The offense of "lewd act upon a minor," for which Kiss-Velasquez was convicted in 1987, constitutes an "aggravated felony" involving "sexual abuse of a minor" under California law as interpreted by this court. *United States v. Baron-Medina*, 187 F.3d 1144, 1146-47 (9th Cir. 1999). The record reflects that the district court did not find that a deadly weapon was involved in his arrest.

**V**

Kiss-Velasquez has not established that the district court excessively relied on his criminal history to the exclusion of mitigating factors. He conceded that his criminal history was an aggravating factor. The record demonstrates that the district court reduced his sentence below the Sentencing Guidelines range in light of his argument that his criminal history would be "double-counted" under the Guidelines.

**VI**

Kiss-Velasquez argues that he should have been sentenced within the range of 37 to 46 months, pursuant to the fast-track plea agreement he accepted and later rejected. A defendant is not entitled to be sentenced to the punishment recommended under a plea agreement if he withdraws from the agreement and proceeds to trial. *United States v. Vasquez-Landaver*, 527 F.3d 798, 805 (9th Cir. 2008). Contrary to Kiss-Velasquez's contention, the record reflects that the district court did not increase his sentence due to the resources expended by the court and the government; rather, the district court merely noted that the resource burden had not been minimal in rejecting Kiss-Velasquez's argument that his sentence should be reduced to correlate more closely to the rejected plea offer.

## VII

The district court did not abuse its discretion in failing to address Kiss-Velasquez's argument that he would have lesser access to various programs and assignments in prison due to his immigration detainer, or that he should be credited the 23 days he spent in immigration custody prior to prosecution in this matter. The record as a whole indicates that the district court heard and considered his arguments. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1054 (9th Cir. 2009) (affirming sentence despite district court's failure to mention several of defendant's "weighty" arguments respecting mitigation because the record as a whole indicated that trial court had listened to and considered defendant's arguments).

## VIII

The district court did not err in concluding that Kiss-Velasquez was not entitled to a downward departure due to his status as an alien subject to removal. *United States v. Martinez-Ramos*, 184 F.3d 1055, 1058 (9th Cir. 1999). Kiss-Velasquez has failed to cite any authority in support of his contention that the district court abused its discretion in declining to credit him for time he spent in the custody of immigration officials. *Cf. United States v. Sanchez-Rodriguez*, 161 F.3d 556, 562-64 (9th Cir. 1998) (en banc).

## IX

Kiss-Velasquez argues that his sentence is substantively unreasonable because the sentencing range magnified the aggravating factors of his offense, but failed to take mitigating factors into account. The record establishes, however, that the district court considered the mitigating factors presented by Kiss-Velasquez pursuant to § 3553(a). It reduced his sentence because it was persuaded that his Guidelines range "double-counted" his criminal history. Under the totality of the circumstances, his 63-month, below-Guidelines sentence was not substantively unreasonable. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

**AFFIRMED.**