**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10092 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-01809-FRZ |
| v. | |
| RAFAEL MOLINA-MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Rafael Molina-Martinez appeals from the 57-month sentence imposed

following his jury-trial conviction for reentry after deportation, in violation of 8

U.S.C. § 1326(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. Appellant. P. 34(a)(2).

Molina-Martinez contends that the district court erred when it applied a 16-level enhancement, under U.S.S.G. § 2L1.2, because his prior conviction for lewd or lascivious acts with a child under 14 years of age, in violation of Cal. Penal Code § 288(a), does not qualify as a crime of violence. He contends that *United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999), holding that a violation of Cal. Penal Code § 288(a) is categorically a crime of violence, is inconsistent with *Johnson v. United States*, 130 S. Ct. 1265 (2010). This contention lacks merit. *See United States v. Orozco-Acosta*, 607 F.3d 1156, 1166 (9th Cir. 2010) (citing *United States v. Medina-Villa*, 567 F.3d 507 (9th Cir. 2009)). Accordingly, we decline Molina-Martinez's invitation that we seek en banc review of this issue.

**AFFIRMED.**

11-10092