**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONNIE GALAS TABABA, AKA Ronnie G. Tababa, | No. 10-73809 |
| Petitioner, | Agency No. A043-013-572 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 12, 2012
Honolulu, Hawaii

Before: SCHROEDER, CALLAHAN, and N.R. SMITH, Circuit Judges.

Ronnie Galas Tababa seeks review of a decision by the Board of

Immigration Appeals ("BIA") upholding a finding by an Immigration Judge (IJ)

that he was removable as an alien convicted of an aggravated felony due to his

Hawaii conviction for sexual assault in the third degree. Tababa asserts that the

_____

     *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

record of conviction is insufficient to establish that he was convicted of the aggravated felony offense of sexual abuse of a minor. Because Tababa failed to raise this argument before the BIA, we dismiss the petition.[1]

1. "We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA." *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010); *see also Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Here, the sole argument set forth in Tababa's brief is that the record of his Hawaii conviction is insufficient to establish that he was convicted of the aggravated felony offense of sexual abuse of a minor. However, Tababa's appeal to the BIA sought humanitarian relief and did not question the sufficiency of his Hawaii conviction. Moreover, before the IJ, Tababa did not deny that he had been convicted of sexual abuse of a minor, but argued that he lacked any mens rea to harm the minor. Because the BIA was never provided an opportunity to consider Tababa's claim that his conviction was not for sexual abuse of a minor, he failed to exhaust his administrative remedies and this petition is dismissed. *See Barron*, 634 F.3d at 678; *see also Rendon v. Mukasey*, 520 F.3d 967, 972 (9th Cir. 2008).

2. Even were we to reach the merits of Tababa's argument, he would not prevail. Tababa was charged with sexual assault in the third degree – sexual abuse

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

of a minor.  Although the Hawaii judgment confused sexual assault in the third

degree, Haw. Rev. Stat. § 707-732(b)(1), with sexual assault in the second degree,

Haw. Rev. Stat. § 707-731(b)(1), Tababa pleaded guilty to all the elements of

sexual assault in the third degree.  We may consider a signed guilty plea in

determining whether the conviction constitutes an aggravated felony.  *Tokatly v.*

*Ashcroft*, 371 F.3d 613, 620 (9th Cir. 2004).  Moreover, we have held that "[t]he

use of young children for the gratification of sexual desires constitutes an abuse,"

*United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999), and that a

conviction for such action is an aggravated felony, *see United States v.*

*Medina-Villa*, 567 F.3d 507, 513 (9th Cir. 2009).

The petition for review is **DISMISSED**.