FILED

NOT FOR PUBLICATION

NOV 16 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FELIX PEREZ-XIA,

Defendant - Appellant.

No. 10-10380

D.C. No. 4:09-cr-02768-JMR-
CRP-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
John M. Roll, District Judge, Presiding

Submitted November 5, 2012**
San Francisco, California

Before: SACK,*** GOULD, and M. SMITH, Circuit Judges.

Defendant-Appellant Perez-Xia appeals the sentence imposed following his

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Robert D. Sack, Senior Circuit Judge for the Second Circuit, sitting by designation.

guilty plea to illegal reentry after deportation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not commit plain error in determining that Perez-Xia's felony conviction for sexual indecency with a child qualified him for a 16-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) because the conviction meets the requirements for a crime of violence under the modified categorical approach. A "crime of violence" is defined in the Guidelines to include "sexual abuse of a minor." U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.1(B)(iii). The district court correctly determined that Perez-Xia's conduct in exposing his genitals to a 4 year-old is sufficient to establish sexual abuse of a minor under the modified categorical approach because "[t]he use of young children for the gratification of sexual desires constitutes an abuse." *United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999). The district court did not err in relying on the presentence report for a description of the underlying facts of the prior conviction because the presentence report quoted from the information. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 423–33 (9th Cir. 2011).

The district court also did not err in determining that Perez-Xia's suspended sentence qualified him for a two-point increase in his criminal history score under U.S. Sentencing Guidelines Manual § 4A1.1(d). Under § 4A1.1(d), two points

2

may be added to the defendant's criminal history category "if the defendant committed the instant offense while under any criminal justice sentence [.]" U.S. Sentencing Guidelines Manual § 4A1.1(d). A "criminal justice sentence" means a sentence "having a custodial or supervisory component, although active supervision is not required for this subsection to apply." *Id.* § 4A1.1 cmt. n.4. Perez-Xia committed the instant offense while under a suspended sentence for his prior conviction. According to the presentence report, that suspended sentence contained a community supervision component. Additionally, the district court judge spoke with the probation officers and determined that even though "they are not going to revoke [Perez-Xia] in Arkansas," it is "not as though he still doesn't face at least the possibility of that." Accordingly, the district court did not err in determining that Perez-Xia's suspended sentence constituted a "criminal justice sentence" under § 4A1.1(d).

Finally, we find that Perez-Xia's sentence of fifty-one months—the lowest term under the applicable Guidelines range—was substantively reasonable. Perez-Xia's sentence is supported by the totality of the circumstances because the district court properly considered the 18 U.S.C. § 3553(a) factors, including the risk Perez-Xia presented as an unregistered sex offender.

**AFFIRMED.**