**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HILARIO GUZMAN TRUJILLO, | No. 06-71423 |
| Petitioner, | Agency No. A029-146-316 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before:     SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Hilario Guzman Trujillo, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order summarily affirming an

immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C.

§ 1252. We review de novo questions of law, and review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We review for abuse of discretion the agency's determination that an alien was convicted of a particularly serious crime. *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012). We deny the petition for review.

The IJ correctly determined that Guzman Trujillo's conviction under California Penal Code § 288(a) is an aggravated felony that renders him ineligible for asylum. *See* 8 C.F.R. § 1208.13(c)(2)(D) (alien who files asylum application prior to April 1, 1997, is ineligible if convicted of an aggravated felony); *United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999) (section 288(a) is categorically an aggravated felony under 8 U.S.C. § 1101(a)(43)(A)).

The IJ did not abuse her discretion when she determined that Guzman Trujillo's conviction is a particularly serious crime that renders him ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii). The record reflects that Guzman Trujillo was sentenced to state prison for engaging in significant sexual contact with a child of eight over a period of months. *See Arbid*, 700 F.3d 379 at 384 (particularly serious crime determinations are informed by a series of factors, including the nature and underlying facts of the conviction, and the type of sentence imposed).

06-71423

Substantial evidence supports the IJ's determination that Guzman Trujillo did not establish it is more likely than not that he would be tortured if he returned to Guatemala. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**