NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 11 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10570 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-01235-RCC-BPV-1 |
| v. | |
| EDUARDO GONZALEZ-DURAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Submitted February 9, 2016[**]
San Francisco, California

Before: SILVERMAN, FISHER, and TALLMAN, Circuit Judges.

Eduardo Gonzalez-Duran appeals the District Court of Arizona's 12-level

enhancement to his sentence based on a conviction under California Penal Code §

288(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

We have previously held that a conviction under § 288(a) constitutes "sexual abuse of a minor," qualifying it as a "crime of violence" that warrants a twelve-level or sixteen-level enhancement under U.S.S.G. § 2L1.2. *United States v. Medina-Maella*, 351 F.3d 944, 947 (9th Cir. 2003); *United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999). We cannot disregard that precedent unless it is "clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

Gonzalez-Duran and Amici argue those previous decisions are clearly irreconcilable with *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc), *overruled on other grounds by United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011) (en banc) (per curiam), *and abrogated by Descamps v. United States*, 133 S. Ct. 2276 (2013). That contention is foreclosed by binding precedent holding that "*Medina-Maella's* and *Baron-Medina*'s holdings . . . remain valid law subsequent to *Estrada-Espinoza*." *United States v. Medina-Villa*, 567 F.3d 507, 516 (9th Cir. 2009). In any case, although *Estrada-Espinoza* did survey statutory rape laws, it did not require all subsequent courts to survey modern criminal statutes in defining a generic federal crime. *See* 546 F.3d at 1152-53.

Nor is our precedent clearly irreconcilable with *Taylor v. United States*, 495 U.S. 575 (1990), and *Nijhawan v. Holder*, 557 U.S. 29 (2009). *Taylor* concluded

that Congress intended the statutory word "burglary" to be defined in the generic sense used in the criminal code of most states, but did not mandate that courts survey state statutes to define *every* generic federal crime. *See* 495 U.S. at 590, 598-99. *Nijhawan* noted that "sexual abuse of a minor" is a generic offense, but did not prescribe how a court should ascertain the definition of that or any other generic offense. *See* 557 U.S. at 37. Since both decisions, we have reaffirmed that the generic definition of "sexual abuse of a minor" established in *Baron-Medina* and upheld in *Medina-Villa* is still good law. *See United States v. Martinez*, 786 F.3d 1227, 1231 (9th Cir. 2015); *United States v. Gomez*, 757 F.3d 885, 904 (9th Cir. 2014). We decline the invitation to change course.

The parties dispute the standard of review to be applied to this case. *Compare United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1106 (9th Cir. 2009) (applying a de novo standard of review to a sentencing enhancement challenge raised for the first time on appeal because it was purely an issue of law and would not prejudice the other party), *with United States v. Pimentel-Flores*, 339 F.3d 959, 967 (9th Cir. 2003) (applying a plain error standard to a sentencing enhancement challenge raised for the first time on appeal). However, because we are bound under either standard by our existing precedent, we need not resolve that issue here.

The definition of "sexual abuse of a minor" set forth in our earlier decisions remains binding precedent that we lack authority to overturn. Therefore, the district court did not err in adding a 12-level enhancement to Gonzalez-Duran's sentence.

**AFFIRMED.**