Reinhardt, Circuit Judge,
concurring in the result only:
I concur, although I find the state of our law regarding sexual abuse of a minor to be hopelessly incoherent. The majority disposition accurately states that we have set forth the elements of the generic federal offense as follows: “[that] the conduct proscribed by the statute is sexual; [that] the statute protects a minor; and [that] the statute requires abuse.” United States v. Medina-Villa, 567 F.3d 507, 513 (9th Cir. 2009). In the very next sentence of Medina-Villa, we defined “abuse” as “physical or psychological harm.” Id. In that same case, however, we endorsed Baron-Medina, which recognized that “[e]ven an ‘innocuous’ touching, ‘innocently and warmly received,’ violates Section 288(a) if effected with lewd intent.” United States v. Baron-Medina, 187 F.3d 1144, 1147 (9th Cir. 1999) (quoting People v. Lopez, 19 Cal.4th 282, 79 Cal.Rptr.2d 195, 965 P.2d 713, 717-18 (1998)). Inexplicably, we then held that Section 288(a) was not broader than the generic federal offense. Id.; see also Medina-Villa, 567 F.3d at 513. It appears to me that under our case law, the generic offense as defined in Medina-Villa is clearly narrower than the California statute in that the former requires “physical or psychological harm,” whereas the latter may be satisfied where there is no such harm but the intent is lewd or the act is simply “corrupt, improper, and contrary to good order.” Baron-Medina, 187 F.3d at 1147.
The argument that recent changes to the California law expand its scope and as a result make Baron-Medina and Medina-Villa inapplicable is based on the assumption that there has been a change in the California courts’ construction of California law. Had there been such a change, we might have had to reexamine the question whether the California statute is broader than the generic federal offense. However, my reading of the California cases is that they did not modify California law, and that the California statute is now construed no more broadly than it was at the time we decided Baron-Medina and Medina-Villa, i.e. more broadly than the generic federal offense requiring “physical or psychological harm.”
This panel is not in a position to straighten out our law. It has been applied consistently despite its incoherent analysis since Baron-Medina and Medina-Villa, and no intervening case has changed that fact. Whatever I might do as a member of an en banc court, I am not free to refuse to apply the governing precedent in our court to the case before us. For this reason, I concur in the result only.