**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ADIL ELMAKHZOUMI,
*Plaintiff-Appellant*,

v.

JEFFERSON SESSIONS III, Attorney General; and ROBIN BARRETT,
*Defendants-Appellees.*

No. 16-16232

D.C. No.
3:15-cv-03958-JD

OPINION

Appeal from the United States District Court
For the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted December 7, 2017
San Francisco, California

Filed March 1, 2018

Before: Susan P. Graber and N. Randy Smith, Circuit
Judges, and Michael H. Simon,* District Judge.

Opinion by Judge Simon

---

*The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

## SUMMARY[**]

### Immigration

The panel affirmed the district court's dismissal for failure to state a claim of Adil Elmakhzoumi's petition challenging the denial of his naturalization application, holding that Elmakhzoumi's conviction for sodomy where the victim was unable to consent, in violation of California Penal Code § 286(i), is an aggravated felony.

The panel held that CPC § 286(i) is an aggravated felony rape offense under 8 U.S.C. § 1101(a)(43)(A) because the conduct prohibited by CPC § 286(i) falls entirely within the generic definition of "rape" as articulated in *Castro-Baez v. Reno*, 217 F.3d 1057 (9th Cir. 2000). Accordingly, the panel concluded that Elmakhzoumi has been convicted of an aggravated felony and cannot meet the good moral character requirement for naturalization.

## COUNSEL

Frank P. Sprouls (argued), Law Office of Ricci & Sprouls, San Francisco, California, for Plaintiff-Appellant.

Victor M. Mercado-Santana (argued), Trial Attorney; Elizabeth Stevens, Assistant Director; William C. Peachey, Director, District Court Section; Office of Immigration

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Defendants-Appellees.

## OPINION

SIMON, District Judge:

Plaintiff Adil Elmakhzoumi appeals from an order dismissing his challenge to the denial of his application for naturalization by the United States Citizenship and Immigration Services ("USCIS"). The district court dismissed Elmakhzoumi's petition for failure to state a claim because Elmakhzoumi had been convicted of an aggravated felony and was therefore ineligible for naturalization. Elmakhzoumi argues that the district court erred in holding that his conviction for sodomy where the victim was unable to consent, in violation of California Penal Code ("CPC") § 286(i), is an aggravated felony as a rape offense under 8 U.S.C. § 1101(a)(43)(A). Because the conduct prohibited by CPC § 286(i) falls entirely within the generic definition of "rape" as articulated in *Castro-Baez v. Reno*, 217 F.3d 1057 (9th Cir. 2000), we affirm.

## BACKGROUND

Elmakhzoumi is a native and citizen of Morocco and has been a permanent resident of the United States since 1992. On June 3, 2005, the California Superior Court convicted Elmakhzoumi of sodomy where the victim cannot consent, in violation of CPC § 286(i). On July 25, 2012, the United States Department of Homeland Security commenced removal proceedings against Elmakhzoumi, alleging that he was removable because his sodomy conviction was a "crime of violence" under 8 U.S.C. § 1101(a)(43)(F). The

immigration judge terminated those proceedings, ruling that Elmakhzoumi's conviction was not a crime of violence.

On February 11, 2014, Elmakhzoumi applied to naturalize as a United States citizen. USCIS denied his application on the ground that he could not meet the requirement for naturalization of having good moral character because his sodomy conviction was a rape offense and therefore an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(A).

Elmakhzoumi petitioned the district court for de novo review. The court dismissed the petition for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, holding that a violation of CPC § 286(i) falls within the generic definition of "rape" for purposes of the Immigration and Naturalization Act ("INA"), as stated in *Castro-Baez*, 217 F.3d at 1059. Elmakhzoumi appeals, arguing that non-consensual sodomy, as described by CPC § 286(i), is not rape within the meaning of 8 U.S.C. § 1101(a)(43)(A), and therefore is not an aggravated felony. Elmakhzoumi timely appeals.

## DISCUSSION

We review de novo the district court's grant of a motion to dismiss. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### A.  Legal Standards

To be eligible for naturalization, an applicant must demonstrate that he or she is a person of "good moral character." 8 U.S.C. § 1427(a)(3). A person who has been convicted of an aggravated felony, as defined by 8 U.S.C. § 1101(a)(43), cannot meet this requirement, 8 U.S.C.

§ 1101(f)(8), and thus is permanently ineligible for naturalization. Under § 1101(a)(43)(A), the crime of "rape" is an aggravated felony. To determine whether a violation of CPC § 286(i) falls within the INA's definition of "rape," courts "must define the term rape by 'employing the ordinary, contemporary, and common meaning' of that word and then determine whether or not the conduct prohibited by [the statute] falls within that common, everyday definition." *Castro-Baez*, 217 F.3d at 1059 (quoting *United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999)).

## B. Application

California defines "sodomy" as "sexual conduct consisting of contact between the penis of one person and the anus of another person. Any sexual penetration, however slight, is sufficient to complete the crime of sodomy." CPC § 286(a). Elmakhzoumi was convicted of sodomy under circumstances where "the victim is prevented from resisting by an intoxicating or anesthetic substance, or any controlled substance, and this condition was known, or reasonably should have been known by the accused." CPC § 286(i). In *Castro-Baez*, we defined "rape," as used in 8 U.S.C. § 1101(a)(43)(A), to "include the act of engaging in non-consensual sexual intercourse with a person whose ability to resist has been substantially impaired by drugs or other intoxicants." 217 F.3d at 1059. The district court applied that definition and ruled that it "applie[d] in full to the statutory definition of [Elmakhzoumi]'s crimes."

Elmakhzoumi argues that the *Castro-Baez* definition does not apply to CPC § 286(i) because the underlying conviction in that case was for a violation of CPC § 261(a)(3), which proscribes nonconsensual acts of "sexual intercourse." Because California law distinguishes between "an act of sexual intercourse" in its rape statute, CPC § 261,

and "sodomy" in its sodomy statute, CPC § 286, Elmakhzoumi argues, the definition of "rape" in *Castro-Baez* applies only to statutes involving "an act of sexual intercourse." Non-consensual sodomy, he asserts, does not fall within the generic definition of "rape" because it is not an act of sexual intercourse. Elmakhzoumi further argues that courts should look instead to federal rape statutes for a generic definition of "rape." But we have explicitly rejected the use of federal statutes to determine the generic definition of "rape" under the INA. *See Castro-Baez*, 217 F.3d at 1059 ("[T]he definition of rape under federal law simply has no bearing on whether [Petitioner]'s state conviction constitutes an 'aggravated felony' for purposes of establishing his deportability."). Moreover, the definition of "rape" articulated in *Castro-Baez* includes all conduct prohibited by CPC § 286(i) and therefore applies to Elmakhzoumi's case.

The generic definition of "sexual intercourse" includes acts of sodomy. The fact that California has enacted separate statutory provisions for "rape," prohibiting non-consensual vaginal intercourse, and "sodomy," prohibiting non-consensual anal intercourse, is irrelevant so long as the entirety of the conduct covered by each statute falls within the generic definition. In *Castro-Baez*, we looked to Black's Law Dictionary to find the "ordinary, contemporary, and common meaning" of the term "rape." 217 F.3d at 1059. That same resource defines "intercourse" as not limited to vaginal intercourse, but inclusive of any "[p]hysical sexual contact, esp[ecially] involving the penetration of the vagina by the penis." Black's Law Dictionary (10th ed. 2014). California law defines "sodomy" as physical sexual contact. *See* CPC § 286(a) ("sexual conduct" that involves "[a]ny sexual penetration"). Further, the Board of Immigration Appeals ("BIA") recently issued *In re Keeley*, 27 I. & N. Dec. 146, 147–52 (B.I.A. 2017), which includes a

comprehensive overview of the ordinary and contemporary definition of "rape" under 8 U.S.C. § 1101(a)(43)(A) as it existed when the term was used in the immigration code in 1996. After an exhaustive survey of state rape and sexual assault laws, the BIA concluded that the generic definition of "rape" includes, at a minimum, "acts of vaginal, anal, and oral intercourse." *Id.* at 152.

## CONCLUSION

Because the generic definition of "rape" articulated in *Castro-Baez* includes non-consensual acts of anal intercourse, violations of CPC § 286(i) qualify as rape offenses under the INA. Elmakhzoumi therefore has been convicted of an aggravated felony and cannot meet the INA's good moral character requirement for naturalization.

**AFFIRMED.**