**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>DOROTEO ROCHA-ALVARADO,<br>*Defendant-Appellant.* | No. 15-10517<br><br>D.C. No.<br>4:15-CR-00507-<br>JAS-BPV-1<br><br>OPINION |

Appeal from the United States District Court
for the District of Arizona
James. A Soto, District Judge, Presiding

Submitted October 21, 2016[*]
San Francisco, California

Filed December 12, 2016

Before: Carlos T. Bea and Sandra S. Ikuta, Circuit Judges,
and Jane A. Restani, Judge.[**]

Opinion by Judge Restani

---

[*] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[**] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

## SUMMARY[***]

### Criminal Law

The panel affirmed the district court's application of a sixteen-level sentence enhancement to the defendant's illegal-reentry sentence on the ground that his prior conviction for attempted sexual abuse in the first degree under Oregon Revised Statutes § 163.427 qualified as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

Because, as the parties agreed, § 163.427 is a divisible statute, the panel applied the modified categorical approach to determine which of two different crimes defined by §§ 163.427(1)(a) and 163.427(1)(b) was the defendant's crime of conviction. And because, as the parties agreed, the defendant's conviction patently falls under subsection (1)(a), the panel proceeded to consider whether his crime of conviction under that subsection is a categorical match to the federal generic offense of "crime of violence."

The panel held that because a conviction pursuant to any of the three further subdivisions of (1)(a) falls under the generic federal definition of a crime of violence, either as "sexual abuse of a minor" or a "forcible sex offense," the defendant was necessarily convicted of the same elements as the generic federal definition. The panel explained that it is irrelevant that the sexual conduct that led to the defendant's conviction occurred "outside of the clothes."

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Florence M. Bruemmer, Law Office of Florence M. Bruemmer P.C., Anthem, Arizona, for Defendant-Appellant.

Rosaleen O'Gara, Assistant United States Attorney; Robert L. Miskell, Appellate Chief; John S. Leonardo, United States Attorney; United States Attorney's Office, Tucson, Arizona; for Plaintiff-Appellee.

## OPINION

RESTANI, Judge:

Defendant-Appellant Doroteo Rocha-Alvarado appeals the district court's imposition of a sixteen-level sentencing enhancement to his conviction of illegal reentry after deportation in violation of 8 U.S.C. § 1326. We conclude that the district court did not err in applying the sixteen-level enhancement because, under the modified categorical approach, Rocha-Alvarado's prior conviction for attempted sexual abuse in the first degree pursuant to Oregon Revised Statutes § 163.427(1)(a) qualifies as a "crime of violence" for the purposes of the U.S. Sentencing Guidelines ("the Guidelines") § 2L1.2. Accordingly, we affirm.

## *BACKGROUND*

Rocha-Alvarado is a citizen of Mexico and had resided in Oregon prior to his deportation on May 13, 2013. On September 4, 2012, Rocha-Alvarado was charged with three counts of attempted sexual abuse in the first degree, alleging that on or between March 24, 2012, and August 29, 2012, he

subjected a nine-year-old girl to sexual contact by touching her vagina, breast, and lips.  The prosecutor's statements at the change-of-plea hearing further clarified that Rocha-Alvarado effected the sexual contact "outside of the clothes."[1] ER 34.  Rocha-Alvarado pled no contest to three counts of attempted sexual abuse in the first degree in violation of Or. Rev. Stat. § 163.427 and was then deported to Mexico.

On February 22, 2015, United States Border Patrol agents apprehended Rocha-Alvarado near Vamori, Arizona as he was attempting to reenter the United States.  Rocha-Alvarado admitted that he was illegally present in the United States. On April 24, 2015, Rocha-Alvarado pled guilty to an indictment charging him with illegal reentry after deportation, in violation of 8 U.S.C. § 1326.

The district court accepted the final presentence report's recommendation of a sixteen-level enhancement, finding that Rocha-Alvarado's prior conviction constituted a crime of violence under the Guidelines § 2L1.2(b)(1)(A)(ii).  Thus, the presentence report calculated a Guidelines range of forty-six to fifty-seven months of incarceration and recommended a sentence of forty-six months.  The district court applied a downward variance because Rocha-Alvarado had no other previous criminal or immigration history and because Rocha-Alvarado reentered the country for a "compelling reason." Rocha-Alvarado had stated that he returned to the United

---

[1] The prosecutor qualified his statement.  When asked by the court whether the touching occurred over the clothes, the prosecutor responded by stating, "[t]hat is my understanding, although the Liberty House (indiscernible) had some questions, whether or not that was what had happened."  ER 34.  As discussed below, however, whether the touching occurred outside of the clothes is not outcome-determinative.

States in order to find work that would enable him to buy medicine for his son's kidney transplant.  The district court sentenced Rocha-Alvarado to thirty months of incarceration with three years of supervised release.  Rocha-Alvarado now appeals.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review questions of law de novo, including the district court's interpretation of the Guidelines and whether a prior conviction qualifies as a "crime of violence" under the Guidelines.  *United States v. Grajeda*, 581 F.3d 1186, 1188 (9th Cir. 2009); *United States v. Esparza-Herrera*, 557 F.3d 1019, 1021–22 (9th Cir. 2009) (per curiam).

## DISCUSSION

Rocha-Alvarado contends that his prior conviction under Or. Rev. Stat. § 163.427 for attempted sexual abuse in the first degree does not qualify as a "crime of violence" under the modified categorical approach.  *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii).  He argues that, because the plea transcript states that the sexual contact occurred outside the victim's clothing, his prior conviction is not a crime of violence because it does not meet the generic federal definition of "sexual abuse of a minor" as defined by 18 U.S.C. §§ 2243(a) and 2246(2)(D).  We disagree.

In order to determine whether a state statute of conviction qualifies as a generic federal crime, we apply the categorical approach outlined by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 599–602 (1990).  Under this approach, we compare only the elements of the state statute of

conviction with the generic federal definition. *See id.* The statute of conviction must criminalize the same or less conduct than the federal generic offense in order to qualify as a categorical match. *United States v. Villavicencio-Burruel*, 608 F.3d 556, 561 (9th Cir. 2010). But if the statute of conviction criminalizes more conduct than the generic federal offense, then the prior conviction does not qualify as a categorical match to the federal offense, and therefore cannot serve as a sentencing predicate. *Descamps v. United States*, 133 S. Ct. 2276, 2281, 2283–85 (2013); *United States v. Jennings*, 515 F.3d 980, 987 (9th Cir. 2008).

If a crime of conviction does not qualify as a predicate offense under the categorical approach, it may still qualify under the modified categorical approach. *Quintero-Salazar v. Keisler*, 506 F.3d 688, 694 (9th Cir. 2007). The modified categorical approach applies where a statute "list[s] potential offense elements in the alternative" rather than means of commission and is, therefore, divisible. *Descamps*, 133 S. Ct. at 2283; *see Mathis v. United States*, 136 S. Ct. 2243, 2251–53 (2016). Under the modified categorical approach, we may examine certain documents to determine what part of the divisible statute formed the basis of conviction. *Descamps*, 133 S. Ct. at 2284. Specifically, we may review the terms of "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Parrilla v. Gonzales*, 414 F.3d 1038, 1043 (9th Cir. 2005) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)); *see also United States v. Lee*, 704 F.3d 785, 788–89 (9th Cir. 2012). In so doing, we are to evaluate whether the defendant "necessarily admitted" the elements of the particular statutory alternative that is a

categorical match to the generic federal offense. *Descamps*, 133 S. Ct. at 2284 (quoting *Shepard*, 544 U.S. at 26).

The Guidelines recommend a sixteen-level enhancement if a defendant, who has unlawfully reentered the United States, also has a previous felony conviction for a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Guidelines define a "crime of violence" to include a list of enumerated offenses, which relevant to this appeal include: "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), . . . [and] sexual abuse of a minor." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii). The enumerated "crimes of violence" also include attempts to commit those crimes. U.S.S.G. § 2L1.2, cmt. n.5. These listed offenses are per se crimes of violence. *United States v. Rodriguez-Guzman*, 506 F.3d 738, 741 (9th Cir. 2007). In addition to the enumerated offenses, the Guidelines include in the definition of "crime of violence" "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii).

Under the Oregon statute for sexual abuse in the first degree, subsection (1)(a) includes three additional subdivisions that allow for conviction when the sexual contact occurs with: (A) a victim "less than 14 years of age"; (B) a victim who "is subjected to forcible compulsion" by the defendant; or (C) a victim who "is incapable of consent by reason of" a mental defect, mental incapacitation, or physical helplessness. Or. Rev. Stat. § 163.427(1)(a). Alternatively, subsection (1)(b) prohibits "[i]ntentionally caus[ing] a person under 18 years of age to touch or contact the mouth, anus or sex organs of an animal for the purpose of arousing or

gratifying the sexual desire of a person." Or. Rev. Stat. § 163.427(1)(b). As the Oregon statute of conviction is overinclusive of the federal crime with regard to the bestiality component and as (1)(a) is divisible from (1)(b), we apply the modified categorical approach here.[2]

The Oregon state court convicted Rocha-Alvarado of attempted sexual abuse in the first degree under Or. Rev. Stat. § 163.427. In his plea of no contest, Rocha-Alvarado admitted specifically that, "[o]n or between March 24, 2012 to August 29, 2012, in Polk County, Oregon, [he] unlawfully and knowingly attempted to subject [the victim] ([Date of Birth] . . . [20]03), to sexual contact, by touching her vagina . . . breast . . . and lips, a sexual or intimate part of [the victim]." ER 33. Rocha-Alvarado's conviction patently falls under subsection (1)(a) of the Oregon statute, and both parties agree to this matter. We therefore proceed to consider whether Or. Rev. Stat. § 163.427(1)(a), Rocha-Alvarado's crime of conviction, is a categorical match to the federal generic offense of "crime of violence" for purposes of the Guidelines § 2L1.2.

Because a conviction pursuant to any of the three further subdivisions of (1)(a) falls under the generic federal definition of a crime of violence, either as "sexual abuse of a

---

[2] Both parties agree that Or. Rev. Stat. § 163.427 is a divisible statute, in that subsections (1)(a) and (1)(b) define two different crimes. *See Mathis*, 136 S. Ct. at 2249. Indeed, that is correct. Because subsections (1)(a) and (1)(b) provide alternative elements needed for conviction of two different crimes, rather than alternative means of fulfilling the elements of a single crime, the statute is divisible. Accordingly, we must apply the modified categorical approach to determine which of the two crimes was Rocha-Alvarado's crime of conviction.

minor" or a "forcible sex offense," Rocha-Alvarado was necessarily convicted of the same elements as the generic federal definition. Thus, we hold that a conviction under subsection (1)(a) necessarily entails conviction of the elements of a crime of violence under the generic federal definition.

### A. Sexual Abuse of a Minor and Or. Rev. Stat. § 163.427(1)(a)(A)

Rocha-Alvarado submits that because the sexual conduct that led to his conviction under Or. Rev. Stat. § 163.427(1)(a) occurred outside of the clothes, the Oregon statute criminalizes more conduct than the federal definition provided within 18 U.S.C. § 2243, which specifically excludes touching over the clothing in defining sexual abuse of a minor. *See* 18 U.S.C. § 2246(2)(D). Our precedent, however, previously established that 18 U.S.C. § 2243 does not fully define the universe of sexual offenses contemplated by U.S.S.G. § 2L1.2's term "sexual abuse of a minor." *United States v. Medina-Villa*, 567 F.3d 507, 514–16 (9th Cir. 2009). In *Medina-Villa*, we recognized that the label "sexual abuse of a minor" extends to statutes which criminalize conduct that (1) is sexual, (2) involves a minor, and (3) is abusive. *Id.* at 513, 516; *see also United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999). We further defined "abuse as physical or psychological harm in light of the age of the victim in question." *Medina-Villa*, 567 F.3d at 513 (internal quotations omitted).

We conclude that Or. Rev. Stat. § 163.427(1)(a)(A) constitutes a crime of violence because it falls within the generic federal definition of sexual abuse of a minor. First, a conviction under subdivision (1)(a)(A) of the Oregon statute

necessarily involves conduct that is "sexual." Contrary to Rocha-Alvarado's arguments, touching over the clothes is irrelevant. The Oregon statute requires simply that the touching was done for the purpose of sexual gratification, placing the focus on the intent rather than the manner of the touching. Or. Rev. Stat § 163.305(6) (defining "[s]exual contact" as "touching of the sexual or other intimate parts of a person . . . *for the purpose of* arousing or gratifying the sexual desire of either party" (emphasis added)). Indeed, in evaluating a comparable California statute, we held that the defendant's conviction under the California statute categorically constituted "sexual abuse of a minor" and qualified as a "crime of violence" for federal sentencing purposes. *Baron-Medina*, 187 F.3d at 1147. There, the California statute in question prohibited conduct that involves "the touching of an underage child's body" where the touching is done "with a sexual intent." *Id.*; *see* Cal. Pen. Code § 288(a) (1987). We explained that, under the California statute, "the character of the touching, though perhaps circumstantially relevant to prove intent, is otherwise immaterial." *Baron-Medina*, 187 F.3d at 1147. Here, regardless of the manner of touching, i.e., outside or inside of the clothes, the Oregon statute similarly criminalizes conduct that is sexual as it expressly defines "sexual contact" through its relation to sexual gratification.

Second, subdivision (1)(a)(A) of the Oregon statute pertains to minors as it specifically requires the victim to be "less than 14 years of age." Or. Rev. Stat. § 163.427(1)(a)(A). Third, it satisfies the last element of "sexual *abuse* of a minor," as our precedent establishes that sexual contact with a child below the age of fourteen is per se abusive. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1107 (9th Cir. 2010). Rocha-Alvarado, relying on only

18 U.S.C. §§ 2243 and 2246(2)(D), has failed to address the broader definition of "sexual abuse of a minor" included in our precedent. Instead, a violation of subdivision (1)(a)(A) requires a conviction of all three elements included within the generic federal definition of sexual abuse of a minor. Any conviction under subdivision (1)(a)(A) of the Oregon statute, therefore, qualifies as a crime of violence because it falls within the federal definition of "sexual abuse of minor."

### B. Forcible Sex Offense and Or. Rev. Stat. § 163.427(1)(a)(B) and (C)

A conviction under either subdivisions (1)(a)(B) or (C) would also constitute a "crime of violence" as both subdivisions fall within the generic federal definition of a "forcible sex offense." Under the Guidelines, a forcible sex offense includes crimes in which "consent to the conduct is not given or is not legally valid, such as where the consent is involuntary, incompetent, or coerced." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii). Prior to a 2008 amendment, the Guidelines simply listed "forcible sex offense" as an example of a "crime of violence" and did not specifically define a "forcible sex offense" as a situation in which consent is lacking. The 2008 amendment broadened the meaning of "forcible sex offense" such that an "indicia of additional force or violence are no longer required for the forcible sex offense enhancement so long as consent to the sex offense is shown to be lacking."[3]

---

[3] We clarify that the 2008 amendments to the Guidelines abrogated our holding in *United States v. Beltran-Munguia*, 489 F.3d 1042 (2007), by expanding the generic federal definition of "forcible sex offense." In that case, we held that sexual abuse in the second degree under Or. Rev. Stat. § 163.425 is not categorically a crime of violence. *Beltran-Munguia*, 489 F.3d at 1044, 1053. We explained that the Oregon statute at issue "constitutes a 'crime of violence' only if: (1) the crime constitutes a

*United States v. Quintero-Junco*, 754 F.3d 746, 753 (9th Cir. 2014) (quoting *United States v. Gallegos-Galindo*, 704 F.3d 1269, 1272 (9th Cir. 2013)).

Subdivision (1)(a)(B) of the Oregon statute for sexual abuse in the first degree falls within the federal definition of "forcible sex offense," i.e., an enumerated crime of violence. The statute requires the victim to be subjected to "forcible compulsion." Or. Rev. Stat. § 163.427(1)(a)(B). Under Oregon law, forcible compulsion is force that is (1) "greater in degree or different in kind" from the simple act of touching the intimate part of another and (2) "sufficient to 'compel' the victim, against the victim's will, to submit to or engage in the sexual contact, but it need not rise to the level of violence." *State v. Marshall*, 253 P.3d 1017, 1027 (Or. 2011). Because this section of the Oregon statute requires that the touching be against the victim's will, it meets the generic federal definition of a forcible sex offense as provided in the 2008 amendments and, therefore, is a crime of violence.

Subdivision (1)(a)(C) of the Oregon statute also constitutes a forcible sex offense. It requires that sexual contact be made with a victim "incapable of consent." Or. Rev. Stat. § 163.427(1)(a)(C). Thus, it definitively meets the

---

'forcible sex offense,' *a term left undefined by the guidelines*; or (2) conviction of the crime requires proof of 'the use, attempted use, or threatened use of physical force against the person of another.'" *Id.* at 1044 (emphasis added). Although we recognized that "the victim's lack of consent is the defining characteristic" of sexual abuse in the second degree under the Oregon statute, we understood "forcible sex offense" to require "the use of force." *Id.* at 1045, 1051. As discussed, the 2008 amendment, however, has defined "forcible sex offense" and broadened the meaning of that term by no longer requiring force if consent is lacking. *Quintero-Junco*, 754 F.3d at 753.

generic federal definition of forcible sex offense, as amended in 2008, which includes situations where "consent . . . is not given or is not legally valid, . . . [e.g.,] involuntary, incompetent, or coerced[.]"    U.S.S.G. § 2L1.2, cmt. n.1(B)(iii).  Both subdivisions (1)(a)(B) and (1)(a)(C), thus, constitute crimes of violence under the applicable Guidelines.

### *CONCLUSION*

A conviction under any one of Or. Rev. Stat. § 163.427(1)(a)'s three subdivisions, therefore, necessarily entails a conviction of the elements of the generic federal definition of a crime of violence, whether it be sexual abuse of a minor or a forcible sex offense.  For the foregoing reasons, the district court's judgment of conviction and sentence are

**AFFIRMED.**