**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10529 |
| Plaintiff - Appellee, | D.C. No. 2:15-cr-00285–SPL |
| v. | MEMORANDUM[*] |
| SLORNAVEED PATOLILLO GONZALEZ, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven P. Logan, District Judge, Presiding

Argued and Submitted April 20, 2017
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and STAFFORD, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

Slornaveed (David) Patolillo Gonzalez appeals his conviction and sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). Because we write for the parties, we assume their familiarity with the underlying facts and recite only what is necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

Gonzalez was deported in 2005 after he pleaded guilty to, and served time in prison for, aggravated assault in violation of Arizona law. In 2015, years after Gonzalez unlawfully reentered the United States, the government indicted Gonzalez for being an alien found in the United States after having been previously deported, a violation of 8 U.S.C. § 1326(a). Gonzalez moved to dismiss the federal indictment, arguing that his earlier deportation was fundamentally unfair because his predicate crime—aggravated assault—was erroneously categorized as an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.") After the district court denied Gonzalez's motion to dismiss, Gonzalez pleaded guilty to the federal charge pursuant to a plea agreement that preserved Gonzalez's right to appeal the denial of his motion to dismiss. The district court sentenced Gonzalez to forty-one months' imprisonment after applying a sixteen-level crime-of-violence

enhancement under U.S.S.G. § 2L1.2(b)(1)(A). Gonzalez thereafter filed this appeal, challenging (1) the district court's order denying his motion to dismiss, and (2) the district court's application of a sixteen-level sentencing enhancement for a prior crime of violence.

## II.

"'We review de novo the denial of a motion to dismiss an indictment under 8 U.S.C. § 1326 when the motion is based on alleged due process defects in an underlying deportation proceeding.'" *United States v. Vega-Ortiz*, 822 F.3d 1031, 1034 (9th Cir. 2016) (quoting *United States v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014)). We review de novo whether a defendant's prior conviction qualifies as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A). *United States v. Rocha-Alvarado*, 843 F.3d 802, 806 (9th Cir. 2016).

The pivotal issue before us is whether Gonzalez's predicate aggravated-assault offense was correctly deemed a crime of violence, and therefore an "aggravated felony," for immigration purposes. *See* 8 U.S.C. § 1101(a)(43)(F) (defining "aggravated felony" as, *inter alia*, "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year.").

In 2002, the State of Arizona charged Gonzalez by indictment with

aggravated assault in violation of A.R.S. §§ 13–1204(A)(2) and 13–1203(A)(2). It is established in this circuit that "convictions under A.R.S. § 13–1204(A)(2) which incorporate A.R.S. § 13–1203(A)(2), constitute 'crimes of violence' under 18 U.S.C. § 16." *United States v. Cabrera-Perez*, 751 F.3d 1000, 1007 (9th Cir. 2014). Consistent with circuit precedent, Gonzalez's aggravated assault offense—as charged in Count 2 of the indictment—qualified as a "crime of violence" under 18 U.S.C. § 16, and therefore an aggravated felony, making him deportable under 8 U.S.C. § 1227(a)(2)(A)(iii). Indeed, at a hearing before the district court, Gonzalez's attorney admitted that "the charging document without a doubt charges a crime of violence."

Gonzalez challenges the aggravated-felony assessment by arguing that he was not convicted of aggravated assault as charged in Count 2 of the state court indictment. He points to his 2003 plea agreement that, for Count 2, listed §§ 13–1204 and 13–1201 as the statutes of conviction, not §§ 13–1204(A)(2) and 13–1203(A)(2). While we acknowledge the discrepancy in the listing of statutes, we note that the plea agreement specifically stated that Gonzalez agreed to plead guilty to "COUNT 2, AGGRAVATED ASSAULT, CLASS 3 FELONY." The Arizona court adjudged Gonzalez guilty of "Count 2: Aggravated Assault." Because the plea agreement and judgment specifically referred to "Count 2," this

court may look to Count 2 in the state court indictment to identify the particular statutes to which Gonzalez pleaded guilty. *United States v. Torre-Jimenez*, 771 F.3d 1163, 1169 (9th Cir. 2014). Doing so, we conclude that Gonzalez pleaded guilty to, and was adjudged guilty of, aggravated assault in violation of A.R.S. §§ 13–1204(A)(2) and 13–1203(A)(2). Consistent with the law of this circuit, Gonzalez's aggravated assault offense was properly categorized as an aggravated felony for purposes of 8 U.S.C. § 1227(a)(2)(A)(iii).

We find no error in the district court's application of a sixteen-level enhancement to Gonzalez's offense level under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015). Such an enhancement applies when a defendant was previously deported after being convicted of a "crime of violence." This court has held that a conviction for aggravated assault under A.R.S. § 13–1204, which incorporates a conviction under § 13–1203(A)(2), is a "crime of violence" for purposes of § 2L1.2(b)(1)(A)(ii). *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1100–01 (9th Cir. 2015). Because Gonzalez pleaded guilty to Count 2 of the indictment, which charged a violation of §§ 13–1204(A)(2) and 13–1203(A)(2), the district court's application of the § 2L1.2(b)(1)(A)(ii) enhancement was proper.

**AFFIRMED.**

*United States v. Gonzalez*, 15-10529
SCHROEDER, Circuit Judge, concurring:

I agree with the result. I write separately only because I do not believe we can look through the plea agreement to the indictment in this particular case. This is because the plea agreement stated it was amending the charging document. However, since the defendant pleaded to a class 3 felony in violation of A.R.S. § 13-1204, he must have admitted to violating either subsections (a)(1) or (a)(2). Each qualified as an aggravated felony under then binding Ninth Circuit precedent, *see United States v. Ceron-Sanchez*, 222 F.3d 1169, 1172–73 (9th Cir. 2000) *overruled by Fernando-Ruiz v. Gonzales*, 466 F.3d 1169, 1172–74 (9th Cir. 2006) (en banc).