**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50087 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02810-WQH |
| v. | |
| ASCENCION HERNANDEZ-JIMENEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted November 15, 2017[**]

Before: CANBY, TROTT, and GRABER, Circuit Judges.

Ascension Hernandez-Jimenez challenges the 30-month sentence imposed

following his guilty-plea conviction for attempted reentry of a removed alien, in

violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and

we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Hernandez-Jimenez contends that the district court erred by relying on his prior conviction under California Penal Code § 288(a) to impose a 16-level enhancement to his base offense level. We have previously held that a conviction under § 288(a) constitutes "sexual abuse of a minor," which is a "crime of violence" that warrants a 16-level enhancement under U.S.S.G. § 2L1.2. *See United States v. Medina-Villa*, 567 F.3d 507, 513 (9th Cir. 2009). We cannot disregard that precedent unless it is "clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller v. Gammie*, 335 F.3d 889, 892-93 (9th Cir. 2003) (en banc).

Hernandez-Jimenez contends that recent California case law reflects that § 288(a) is broader than the federal definition because a defendant can be found guilty under § 288(a) even if the victim suffered no harm. Even if the California cases cited by Hernandez-Jimenez are "higher authority," they are not inconsistent with federal law, which holds that, regardless of harm, "sexual conduct involving [children younger than fourteen years old] is per se abusive." *United States v. Farmer*, 627 F.3d 416, 419 (9th Cir. 2010).

Nor is our precedent clearly irreconcilable with *Johnson v. United States*, 135 S. Ct. 2551 (2015) or *Moncrieffe v. Holder*, 569 U.S. 184 (2013). Since both decisions, we have recognized the continuing force of *Medina-Villa*. *See United States v. Rocha-Alvarado*, 843 F.3d 802, 808 (9th Cir. 2016), *cert. denied*, 137 S.

Ct. 2214 (2017).

**AFFIRMED.**