**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 29 2018

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10416 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00138-JAD-VCF-1 |
| v. | |
| CHARLES RAY BELL, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted March 16, 2018
Withdrawn March 30, 2018
Resubmitted June 25, 2018
San Francisco, California

Before: McKEOWN, FUENTES,** and BEA, Circuit Judges.

Charles Bell, Jr. ("Bell") appeals his conviction and sentence after a two-day

jury trial for one count of being a felon-in-possession of a firearm in violation of

18 U.S.C. §§ 922(g)(1) and 924(a)(2). Because the parties are familiar with the

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast; The Honorable Julio M. Fuentes, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm the conviction, but remand for resentencing in light of our decision in *United States v. Edling*, No. 16-10457, 2018 WL 2752208 (9th Cir. June 8, 2018).

Regarding Bell's vouching claims, the government's comments at trial, although troubling, were not so prejudicial as to materially affect the jury verdict. *See United States v. Ruiz*, 710 F.3d 1077, 1082 (9th Cir. 2013); *United States v. McChristian*, 47 F.3d 1499, 1507–08 (9th Cir. 1995); *United States v. Necoechea*, 986 F.2d 1273, 1278 (9th Cir. 1993). At trial, Bell objected to only some of the statements he challenges here, but even under the more lenient standard of review for statements challenged at trial, any error was harmless. *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190 (9th Cir. 2015) ("Where the defendant has objected to alleged prosecutorial misconduct at trial, we review for harmless error[,] . . . [w]here the defendant has not objected . . . we review for plain error.").

Further, considering the substantial evidence adduced during the two-day jury trial, the statements that Bell challenges, though ill-advised, did not "seriously affect[] the fairness, integrity, or public reputation of [the] proceedings," and were not so prejudicial as to warrant reversal of Bell's conviction. *See United States v. Combs*, 379 F.3d 564, 568 (9th Cir. 2004) (internal quotation marks omitted).

2

We review de novo whether a defendant's prior conviction constitutes a "crime of violence." *United States v. Rocha-Alvarado*, 843 F.3d 802, 805–06 (9th Cir. 2016).

We vacate Bell's sentence and remand for resentencing in light of our recent decision in *United States v. Edling*, which held that robbery under Nevada Revised Statutes § 200.380 is not a "crime of violence" as that phrase is defined in the United States Sentencing Guidelines. *See United States v. Edling*, No. 16-10457, 2018 WL 2752208, at *3 (9th Cir. June 8, 2018); *see also* U.S.S.G. §§ 2K2.1(a), 4B1.2(a); N.R.S. § 200.380.

**AFFIRMED in part, VACATED in part, and REMANDED.**