**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS QUINTERO-CISNEROS,<br>*Petitioner*,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br>*Respondent*. | No. 13-72632<br><br>Agency No.<br>A027-934-447<br><br><br>OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 7, 2017
Seattle, Washington

Filed June 11, 2018

Before: Diarmuid F. O'Scannlain, Richard C. Tallman,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Watford

## SUMMARY[*]

### Immigration

The panel denied Carlos Quintero-Cisneros' petition for review of the Board of Immigration Appeals' denial of his application for cancellation of removal, holding that he was ineligible for relief because his conviction by guilty plea to the charge of "Assault of a Child in the Third Degree – Criminal Negligence and Substantial Pain – With Sexual Motivation" is a categorical match for sexual abuse of a minor, an aggravated felony under 8 U.S.C. § 1101(a)(43)(A).

Employing the categorical approach, the panel noted that the relevant definition of the federal offense of sexual abuse of a minor requires proof of three elements: (1) sexual conduct, (2) with a minor, (3) that constitutes abuse. Quintero's base offense was assault of a child in the third degree under Wash. Rev. Code §§ 9A.36.140(1), 9A.36.031(1)(f), which does not include an element of sexual motivation. However, the information included a special allegation that Quintero committed the crime "with sexual motivation." Wash. Rev. Code § 9.94A.835(2). As a result, the first issue for the panel was whether the sexual motivation allegation is an element of Quintero's conviction.

The panel observed that it could look to state law to decide what counts as an element of the offense. Alternatively, it could look to the line of Supreme Court

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

precedent beginning with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), interpreting the Sixth Amendment's right to jury trial. If a sentencing enhancement would be treated as an element of the offense for Sixth Amendment purposes, the government argued, it should be considered an element of the offense for purposes of the categorical analysis as well.

The panel concluded it was unnecessary to decide which approach is the correct one, for in this case the sexual motivation allegation constitutes an element under either approach. Considering the question under Washington law, the panel concluded that the sexual motivation allegation is an element of Quintero's offense, observing that, under Washington's sentencing scheme, the sexual motivation allegation is a sentencing enhancement that must be charged and found by a jury beyond a reasonable doubt, and that sentencing enhancements of this sort are considered elements of an offense. The panel also concluded that, under the *Apprendi* line of cases, the sexual motivation allegation would also be considered an element of the offense because it increased Quintero's maximum authorized sentence.

Finally, the panel concluded that Quintero's offense of conviction is a categorical match for the federal generic offense of sexual abuse of a minor because (1) the offense involved sexual conduct, (2) the victim was a minor, and (3) the conduct was *per se* abusive because the victim was under the age of 14.

**COUNSEL**

Henry Cruz (argued), Rios & Cruz P.S., Seattle, Washington, for Petitioner.

Scott G. Stewart (argued) and Nicole N. Murley, Trial Attorneys; Daniel E. Goldman, Senior Litigation Counsel; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

WATFORD, Circuit Judge:

Carlos Quintero-Cisneros, a native and citizen of Mexico, has been a lawful permanent resident of the United States since he was an infant. In 2009, at the age of 21, he pleaded guilty to the following offense under Washington law, as charged in the information: "Assault of a Child in the Third Degree – Criminal Negligence and Substantial Pain – With Sexual Motivation." The precise components of that offense matter here, so we will describe them in a bit more detail.

The base offense—assault of a child in the third degree—is defined in these terms:

> A person eighteen years of age or older is guilty of the crime of assault of a child in the third degree if the child is under the age of thirteen and the person commits the crime of assault in the third degree as defined in RCW 9A.36.031(1)(d) or (f) against the child.

Wash. Rev. Code § 9A.36.140(1). As this provision indicates, assault of a child in the third degree can be committed in one of two ways, depending on which subsection—(1)(d) or (1)(f)—of the third-degree assault statute the defendant is charged with violating. Quintero was charged with violating subsection (1)(f), which provides:

> (1) A person is guilty of assault in the third degree if he or she, under circumstances not amounting to assault in the first or second degree:
>
>           \*   \*   \*
>
> (f) With criminal negligence, causes bodily harm accompanied by substantial pain that extends for a period sufficient to cause considerable suffering[.]

§ 9A.36.031(1)(f).

The final component of Quintero's offense is a special allegation that he committed the crime "with a sexual motivation." § 9.94A.835(2). Under Washington law, a defendant commits an offense with sexual motivation if "one of the purposes for which the defendant committed the crime was for the purpose of his or her sexual gratification." § 9.94A.030(48). As discussed in more detail below, that allegation must be charged in the information and admitted by the defendant or proved to a jury beyond a reasonable doubt.

In 2010, based on Quintero's 2009 conviction, the Department of Homeland Security initiated removal

proceedings against him.  The agency charged Quintero with being removable under 8 U.S.C. § 1227(a)(2)(E)(i), which authorizes the removal of "[a]ny alien who at any time after admission is convicted of . . . a crime of child abuse."  An immigration judge (IJ) sustained the charge after concluding that Quintero's 2009 conviction qualifies as a conviction for child abuse.  Quintero does not challenge that determination here.

Having been found removable, Quintero requested cancellation of removal or, in the alternative, voluntary departure.  The IJ found Quintero statutorily ineligible for both forms of relief.  Under the Immigration and Nationality Act, a lawful permanent resident is barred from receiving cancellation of removal or voluntary departure if he has been "convicted of any aggravated felony."    8 U.S.C. § 1229b(a)(3) (cancellation of removal); *see also* §§ 1229c(b)(1)(C), 1227(a)(2)(A)(iii) (voluntary departure). The term "aggravated felony" is defined to include, among other offenses, "sexual abuse of a minor."  § 1101(a)(43)(A). The IJ concluded that the offense underlying Quintero's 2009 conviction constitutes sexual abuse of a minor.   The IJ accordingly denied Quintero's request for relief and ordered him removed to Mexico.

The Board of Immigration Appeals (BIA) affirmed. Relying on its precedential decision in *In re Martinez-Zapata*, 24 I. & N. Dec. 424 (BIA 2007), the agency held that the sexual motivation allegation must be treated as an element of the offense because (1) the allegation had to be proved beyond a reasonable doubt or admitted by the defendant, and (2) the allegation had the effect of increasing the maximum sentence Quintero could receive.   Treating the sexual motivation allegation as an element of the offense, the BIA

concluded that Quintero's offense of conviction qualifies as sexual abuse of a minor.

In his petition for review, Quintero contends that the BIA erred in holding that he has been convicted of an offense that constitutes sexual abuse of a minor. We review that legal issue *de novo*, employing the so-called "categorical" approach. *See Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1012 (9th Cir. 2009). The categorical approach requires us to compare the elements of Quintero's offense of conviction with the elements of the federal generic offense to see if the two sets of elements are a categorical match. That will be true if the elements of the offense underlying Quintero's 2009 conviction "are the same as, or narrower than, those of the generic offense." *Descamps v. United States*, 570 U.S. 254, 257 (2013).

We have developed two definitions specifying the elements of the federal generic offense of sexual abuse of a minor. The first definition is not relevant for our purposes, as it applies mainly to statutory rape offenses. *See Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1150, 1152 (9th Cir. 2008) (en banc); *see also Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1569 (2017). The second definition, which applies to all other offenses, is the one we are concerned with here. That definition requires proof of three elements: (1) sexual conduct, (2) with a minor, (3) that constitutes abuse. *United States v. Medina-Villa*, 567 F.3d 507, 513 (9th Cir. 2009).

Quintero argues that the offense underlying his 2009 conviction is missing both the "sexual conduct" and "abuse" elements of the federal generic offense. If the sexual motivation allegation is not an element of his conviction, he

is right.  So we must first decide what elements are included in the state-law offense to which he pleaded guilty.  That is not a matter within the BIA's expertise, which means we owe no deference to its resolution of this issue.  *Hernandez-Gonzalez v. Holder*, 778 F.3d 793, 798 (9th Cir. 2015).

Our circuit has not yet resolved how to determine what elements are part of the offense that a petitioner has been "convicted of" under a statute like 8 U.S.C. § 1229b(a)(3). We could, of course, look to state law to tell us what counts as an element of the offense and what does not. Alternatively, the government contends that we should look to the line of Supreme Court precedent beginning with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), interpreting the Sixth Amendment's right to jury trial.  If a sentencing enhancement would be treated as an element of the offense for Sixth Amendment purposes, the government argues, it should be considered an element of the offense for purposes of the categorical analysis as well.

We conclude that it is unnecessary to decide which approach is the correct one, for in this case the sexual motivation allegation constitutes an element under either approach.

Under Washington law, Quintero's offense of conviction is not simply assault of a child in the third degree. The State also charged that he committed the offense "with sexual motivation," a special allegation that Quintero admitted when he pleaded guilty.  That allegation is considered an element of the crime with which Quintero was charged and of which he was ultimately convicted. A brief primer on Washington's sentencing scheme will help explain why that is so.

A defendant's sentence under Washington law is dictated largely by the "standard sentence range," which a sentencing judge computes by taking into account the defendant's "offender score" and "offense seriousness score." Wash. Rev. Code § 9.94A.530(1). The judge may not impose a sentence above the standard range unless specified aggravating circumstances are found by a jury beyond a reasonable doubt or admitted by the defendant (with the exception of certain recidivism-based circumstances, which may be found by the judge). §§ 9.94A.535(2)–(3), 9.94A.537(3). Even if a jury finds an aggravating circumstance, the sentencing judge retains the discretion to impose a sentence within the standard range. § 9.94A.537(6). Aggravating circumstances need not be alleged in the information. *State v. Siers*, 274 P.3d 358, 364 (Wash. 2012).

Washington law also allows the State to seek certain sentencing enhancements, which require a mandatory increase to the standard range itself. Wash. Rev. Code § 9.94A.533. Unlike aggravating circumstances, sentencing enhancements must be charged in the information, and the facts supporting the enhancement must be found by a jury beyond a reasonable doubt or admitted by the defendant. *State v. Recuenco*, 180 P.3d 1276, 1279, 1282 (Wash. 2008). The sexual motivation allegation charged in Quintero's information is one such sentencing enhancement. *See* Wash. Rev. Code §§ 9.94A.533(8), 9.94A.835(2). If found by the jury or admitted by the defendant, the sexual motivation allegation adds between 12 and 24 months to a defendant's standard range, depending on the nature of the underlying crime. § 9.94A.533(8)(a)(i)–(iii).

The Washington Supreme Court has ruled that sentencing enhancements of this sort are considered elements of the

offense that the State must charge and prove. The court made that clear in *Recuenco*, where it held that sentencing enhancements must be charged in the information under the "essential elements rule." 180 P.3d at 1279. That rule requires the State to allege in the charging document facts establishing each element of the offense, with "elements" defined to mean "the facts that the State must prove beyond a reasonable doubt to establish that the defendant committed the charged crime." *Id.* Sentencing enhancements are a constituent part of the crime charged. As the court succinctly put it: "Washington law requires the State to allege in the information the crime which it seeks to establish. This includes sentencing enhancements." *Id.* (footnote omitted). Under state law, then, the sexual motivation allegation is considered one of the elements of the crime with which Quintero was charged and to which he pleaded guilty: not simply assault of a child in the third degree, but assault of a child in the third degree *with sexual motivation*.

As indicated above, the government is correct that the sexual motivation allegation would also be considered an element of the offense for Sixth Amendment purposes. Under the *Apprendi* line of cases, a fact is treated as an offense element if it increases the maximum authorized sentence beyond what the jury's verdict (or the defendant's guilty plea) alone permits. *See Blakely v. Washington*, 542 U.S. 296, 303 (2004). Based solely on the facts admitted as part of Quintero's guilty plea to assault of a child in the third degree, the maximum sentence he would have been eligible to receive was not the 5-year statutory maximum, but 1–3 months, the standard sentence range calculated for that offense. *See id.* at 303–04. Admitting the sexual motivation allegation resulted in a mandatory 12-month addition to Quintero's standard range, increasing the maximum

authorized punishment to 13–15 months. As a fact that increased "the prescribed range of penalties" to which Quintero was exposed, sexual motivation would be regarded as an element of the offense for Sixth Amendment purposes. *Alleyne v. United States*, 570 U.S. 99, 111 (2013) (quoting *Apprendi*, 530 U.S. at 490).

Thus, regardless of whether we look to state law or the Supreme Court's Sixth Amendment jurisprudence, it is clear that sexual motivation is an element of the offense underlying Quintero's 2009 conviction. The remaining question is whether the offense of conviction—assault of a child in the third degree with sexual motivation—is a categorical match for the federal generic offense of sexual abuse of a minor. We think it is, because the elements of assault of a child in the third degree with sexual motivation are no broader than the elements of sexual abuse of a minor.

The first element of the federal generic offense is sexual conduct. *Medina-Villa*, 567 F.3d at 513. Quintero's offense of conviction requires proof that one of the purposes for which the defendant committed the underlying assault was "for the purpose of his . . . sexual gratification." Wash. Rev. Code § 9.94A.030(48). We have held that an offense committed for the purpose of sexual gratification necessarily involves "sexual conduct." *United States v. Rocha-Alvarado*, 843 F.3d 802, 808 (9th Cir. 2016). Quintero's offense is thus a categorical match for the first element of the federal generic offense.

Quintero does not dispute that his offense is a categorical match for the second element of the federal generic offense, as both offenses require proof that the victim was a minor.

Quintero's offense is also a categorical match for the third element of the federal generic offense: "abuse." We have held that sexual conduct involving children under the age of 14 is *per se* abusive. *Id.* Quintero's offense requires proof of purposeful sexual conduct (not merely negligent conduct, as he wrongly asserts), by virtue of the sexual motivation allegation. And the sexual conduct must involve a child under the age of 13, since that is an element of the underlying assault offense. Wash. Rev. Code § 9A.36.140(1). Quintero's offense is thus a categorical match for the third element of the federal generic offense as well.

In sum, the sexual motivation allegation must be regarded as an element of Quintero's offense of conviction. That offense is a categorical match for sexual abuse of a minor, an aggravated felony that bars the relief from removal Quintero requested.

**PETITION FOR REVIEW DENIED.**