**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

LARRY LLOYD MERO,

*Petitioner*,

v.

WILLIAM P. BARR, Attorney General,

*Respondent.*

No. 17-70929

Agency No.
A011-698-387

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 23, 2020[*]
Las Vegas, Nevada

Filed May 1, 2020

Before: William A. Fletcher, Jay S. Bybee,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Watford

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Immigration

The panel granted in part Larry Mero's petition for review of a decision of the Board of Immigration Appeals finding him removable, holding that Mero's conviction for "[p]ossession of visual presentation depicting sexual conduct of person under 16 years of age," in violation of Nevada Revised Statutes (N.R.S.) § 200.730, is not a "sexual abuse of a minor" aggravated felony under 8 U.S.C. § 1101(a)(43)(A).

Applying the categorical approach, the panel compared the elements of N.R.S. § 200.730 with the applicable definition of "sexual abuse of a minor," which requires proof of three elements: (1) sexual conduct, (2) with a minor, (3) that constitutes abuse. The panel concluded that N.R.S. § 200.730 punishes a broader range of conduct because the Nevada statute does not require proof that the offender participated in sexual conduct *with* a minor, as required under the first two elements of the federal generic definition.

Observing that the BIA held in the alternative that N.R.S. § 200.730 qualified as an aggravated felony under a separate definition, 8 U.S.C. § 1101(a)(43)(I), which encompasses certain offenses relating to child pornography, the panel granted the government's request for remand on that issue.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Dominique Geller, Law Office of Dominique Geller LLC, Las Vegas, Nevada, for Petitioner.

Douglas E. Ginsburg, Assistant Director; Benjamin Mark Moss, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

WATFORD, Circuit Judge:

The Immigration and Nationality Act authorizes the removal of any non-citizen who, after admission to the United States, "is convicted of an aggravated felony," a term defined to include, among other offenses, "sexual abuse of a minor." 8 U.S.C. §§ 1101(a)(43)(A), 1227(a)(2)(A)(iii). The Department of Homeland Security charged petitioner Larry Mero with being removable based on his conviction for "[p]ossession of visual presentation depicting sexual conduct of person under 16 years of age," in violation of Nevada Revised Statutes (N.R.S.) § 200.730. The government asserted that this offense constitutes "sexual abuse of a minor," and over Mero's objection both an immigration judge and the Board of Immigration Appeals (BIA) agreed. Mero petitions for review of the BIA's decision, which we review *de novo*. *See Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152, 1156–57 (9th Cir. 2008) (en banc), *abrogated on other grounds by Descamps v. United States*, 570 U.S. 254 (2013).

We use the categorical approach to determine whether Mero's offense of conviction constitutes "sexual abuse of a minor" within the meaning of 8 U.S.C. § 1101(a)(43)(A). *See Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1567–68 (2017). Under the categorical approach, we compare the elements of N.R.S. § 200.730 with the elements of the federal generic offense of "sexual abuse of a minor." Mero's conviction qualifies as "sexual abuse of a minor," and thus renders him removable, "only if the [state] statute's elements are the same as, or narrower than, those of the generic offense." *Descamps*, 570 U.S. at 257.

The elements of N.R.S. § 200.730 can readily be gleaned from the text of the statute itself. The statute punishes anyone who "knowingly and willfully has in his or her possession for any purpose any film, photograph or other visual presentation depicting a person under the age of 16 years as the subject of a sexual portrayal or engaging in or simulating, or assisting others to engage in or simulate, sexual conduct." N.R.S. § 200.730. Although not relevant for our purposes, the terms "sexual conduct" and "sexual portrayal" are defined elsewhere. *See* N.R.S. § 200.700(3), (4).

We have developed two different definitions of "sexual abuse of a minor," one applicable to statutory rape offenses, the other applicable to all other offenses. *Quintero-Cisneros v. Sessions*, 891 F.3d 1197, 1200 (9th Cir. 2018). We are concerned here with the latter definition, which requires proof of three elements: "(1) sexual conduct, (2) with a minor, (3) that constitutes abuse." *Id.* (citing *United States v. Medina-Villa*, 567 F.3d 507, 513 (9th Cir. 2009)).

A comparison of the two sets of elements reveals that N.R.S. § 200.730 punishes a broader range of conduct than the federal generic offense. In particular, the Nevada statute

does not require proof that the offender participated in sexual conduct *with* a minor, as required under the first two elements of the federal generic definition. That requirement is grounded in the ordinary meaning of "sexual abuse." As the Supreme Court noted in *Esquivel-Quintana*, the term is defined in relevant part as "the engaging in sexual contact *with* a person who is below a specified age." 137 S. Ct. at 1569 (emphasis added) (quoting Merriam-Webster's Dictionary of Law 454 (1996)).

Participation in some form of sexual conduct with a minor is a requirement of every state offense we have held to qualify as "sexual abuse of a minor." *See, e.g.*, *Quintero-Cisneros*, 891 F.3d at 1199, 1202 (assault of a child in the third degree with sexual motivation); *Diego v. Sessions*, 857 F.3d 1005, 1012–13, 1015 (9th Cir. 2017) (subjecting a child who is less than 14 years old to sexual contact); *Medina-Villa*, 567 F.3d at 511–13 (committing lewd and lascivious acts with a child under the age of 14). It is true, as the government notes, that the state statute need not require actual physical contact between the offender and a minor. In *United States v. Baron-Medina*, 187 F.3d 1144 (9th Cir. 1999), we held that a state offense qualified as a categorical match for "sexual abuse of a minor" where the conduct prohibited by the statute included coercing a child to touch himself in a sexual manner. *Id.* at 1147. Critically, though, the statute at issue in *Baron-Medina* still required participation in sexual conduct in which the child was the direct object of the offender's actions.

The same pattern holds when we examine federal criminal statutes addressing sexual abuse of minors, which, while not controlling, can provide useful guidance when identifying the elements of the federal generic offense. Section 3509 of Title 18, for example, defines the term

"sexual abuse" to include "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children." 18 U.S.C. § 3509(a)(8); *see also In re Rodriguez-Rodriguez*, 22 I. & N. Dec. 991, 995–96 (B.I.A. 1999). All of the conduct covered by this definition involves the offender's participation in some form of sexual conduct in which a minor is the person upon whom the offender's actions are performed, or the person toward whom the offender's actions are directed. The same is true of statutes defining various criminal offenses involving sexual abuse of children. *See, e.g.*, 18 U.S.C. §§ 2241(c), 2243(a) (prohibiting "knowingly engag[ing] in a sexual act *with* another person" below a specified age or within a specified age range (emphasis added)). We have relied on § 2243(a) in particular when defining the federal generic offense applicable to statutory rape offenses, which requires that the offender engage in "a sexual act . . . *with* a minor between the ages of 12 and 16." *Estrada-Espinoza*, 546 F.3d at 1152 (emphasis added).

The offense prohibited by N.R.S. § 200.730 does not qualify as "sexual abuse of a minor." The Nevada statute punishes possession of a visual depiction of a minor engaged in sexual conduct, but knowing and willful possession of the image alone renders an offender guilty. The offender himself need not have participated in any form of sexual conduct with the minor who is depicted in the image. To be sure, even the act of possessing an image that permanently records a child's sexual abuse contributes to the ongoing "injury to the child's reputation and emotional well-being." *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 249 (2002); *see also Paroline v. United States*, 572 U.S. 434, 457 (2014).

But an offender guilty of possessing child pornography is not performing any act upon the child or directing any act toward the child. With a possession-only offense such as N.R.S. § 200.730, the minor depicted in the image is not the direct object of the offender's conduct, which is a necessary predicate for the offense to qualify as "sexual abuse of a minor."[1]

The BIA held in the alternative that N.R.S. § 200.730 qualifies as an "aggravated felony" under a separate definition of that term, which encompasses "an offense described in section 2251, 2251A, or 2252 of Title 18 (relating to child pornography)." 8 U.S.C. § 1101(a)(43)(I). The government acknowledges that the Nevada statute may prohibit a broader range of conduct than its federal counterparts due to the state statute's definition of "sexual portrayal," and asks that we remand the matter to the BIA for further analysis. Because the government's voluntary request for remand is neither frivolous nor made in bad faith, we grant the request. *See California Communities Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012) (per curiam).

**PETITION FOR REVIEW GRANTED in part; REMANDED.**

---

[1] Offenses punishing an offender's participation in the *production* of child pornography, of course, stand on entirely different footing. *See Oouch v. DHS*, 633 F.3d 119, 123–24 (2d Cir. 2011).