**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50244 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-03171-MMA-1 |
| v. | |
| APOLINAR FIGUEROA-VARGAS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted August 13, 2020
Pasadena, California

Before: WARDLAW and VANDYKE, Circuit Judges, and CHOE-GROVES,**
Judge.

Apolinar Figueroa-Vargas (Figueroa) appeals his conviction by jury trial for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326,

and the district court's denial of his motion to dismiss the indictment pursuant to 8

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jennifer Choe-Groves, Judge for the United States
Court of International Trade, sitting by designation.

U.S.C. § 1326(d). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"We review *de novo* a claim that a defect in a prior removal proceeding precludes reliance on the final removal order in a subsequent § 1326 proceeding." *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1042 (9th Cir. 2012). Such a claim requires the defendant to show that, among other things, "the removal order was fundamentally unfair." *United States v. Valdivia-Flores*, 876 F.3d 1201, 1205 (9th Cir. 2017). A removal order based on a prior conviction for an "aggravated felony" is "fundamentally unfair" if that conviction was not in fact an aggravated felony. *Id.* at 1206; *see also id.* at 1210.

Here, we employ the categorical approach and "compare the elements of the state offense with the elements of the federal generic offense of sexual abuse of a minor." *Mero v. Barr*, 957 F.3d 1021, 1022 (9th Cir. 2020) (cleaned up). The applicable federal generic definition of "sexual abuse of a minor" encompasses statutes of conviction that prohibit "(1) sexual conduct, (2) with a minor, (3) that constitutes abuse." *Id.* at 1023.

Though on its face, Texas Penal Code § 22.021 (2003) reaches conduct beyond this generic definition, that statute is divisible. Section 22.021 defines multiple aggravated sexual assault crimes through distinct combinations of the alternative elements listed in § 22.021(a)(1) (the conduct elements) and § 22.021(a)(2) (the aggravating elements). *See Moreno v. State*, 413 S.W.3d 119,

2

128–29 (Tex. App. 2013); *Gonzales v. State*, 304 S.W.3d 838, 847–49 (Tex. Crim. App. 2010). Subsection 22.021(a)(2)(B)—which asks whether the victim "is younger than 14 years old"—is "itself an aggravating element under the statute sufficient to constitute aggravated sexual assault of a child." *Moreno*, 413 S.W.3d at 129; *see id.* at 128–29 (noting the trial court "instructed the jury that a person commits aggravated sexual assault of a child if he commits sexual assault and the victim is younger than 14 years of age").

Because this statute "lists elements in the alternative, and thereby defines multiple crimes," we employ the modified categorical approach. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (cleaned up). The judgment from Figueroa's prior conviction defined his offense as "Agg Sex Asslt Child-Under 14." Moreover, the Texas indictment accused him of "intentionally and knowingly causing the sexual organ of the victim, a person younger than fourteen years of age and not the spouse of the Defendant, to CONTACT [his] SEXUAL ORGAN." His crime was thus the one defined by the combination of the elements in § 22.021(a)(1)(A)(iii) and § 22.021(a)(2)(B), which falls within the federal generic definition of sexual abuse of a minor and is an aggravated felony.

As a result, Figueroa's 2001 removal order was not fundamentally unfair, and the district court correctly denied his motion to dismiss the indictment.

**AFFIRMED.**