**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10410 |
| Plaintiff-Appellee, | D.C. No.<br>3:18-cr-00268-WHO-1 |
| v. | |
| ANTONIO HERNANDEZ-LINCONA,<br>AKA Antonio Hernandez, AKA Antonio<br>Hernandez-Licona, AKA Antonio Licona-<br>Hernandez, AKA Antonio Lincona-<br>Hernandez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted March 10, 2021
San Francisco, California

Before: GOULD and FRIEDLAND, Circuit Judges, and ERICKSEN,** District
Judge.

Antonio Hernandez-Lincona ("Hernandez-Lincona") appeals the district

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Joan N. Ericksen, United States District Judge for the
District of Minnesota, sitting by designation.

court's denial of his motion to dismiss an indictment charging him under 8 U.S.C. § 1326 with illegal re-entry after deportation. Because the parties are familiar with the facts and procedural history of the case, we recite only those facts necessary to decide this appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's denial of a motion to dismiss an indictment *de novo*. *United States v. Ziskin*, 360 F.3d 934, 942 (9th Cir. 2003). "We review de novo whether a statute is void for vagueness." *United States v. Hungerford*, 465 F.3d 1113, 1116 (9th Cir. 2006).

Hernandez-Lincona asserts that our definition of "sexual abuse of a minor" under 8 U.S.C. §1101(a)(43)(A) is "clearly irreconcilable," *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc), with the Supreme Court's decision in *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017). Yet in the years since *Esquivel-Quintana* was decided, we have at least twice reaffirmed our definition of "sexual abuse of a minor" in published decisions. *See Quintero-Cisneros v. Sessions*, 891 F.3d 1197, 1200 (9th Cir. 2018); *Mero v. Barr*, 957 F.3d 1021, 1023 (9th Cir. 2020). Because we are bound by our decisions in *Quintero-Cisneros* and *Mero* in the absence of an even more recent Supreme Court or en banc decision to the contrary, we reject Hernandez-Lincona's challenge.

Next, Hernandez-Lincona contends that our previous decisions concluding that California Penal Code § 288(a) is categorically "sexual abuse of a minor" are

clearly irreconcilable with the Supreme Court's categorical approach jurisprudence, as set forth in cases such as *Moncrieffe v. Holder*, 569 U.S. 184 (2013), and *Descamps v. United States*, 570 U.S. 254 (2013). Again, his argument is foreclosed by our precedent. In *Flores v. Barr*, 930 F.3d 1082 (9th Cir. 2019), we reaffirmed that, under the categorical approach set forth in Supreme Court decisions, "California Penal Code § 288(a) categorically involves 'sexual abuse of a minor' under 8 U.S.C. § 1101(a)(43)(A)." *Id*. at 1087 (quoting *United States v. Farmer*, 627 F.3d 416, 420 (9th Cir. 2010)).[1]

Finally, Hernandez-Lincona asserts that our definition of "sexual abuse of a minor" is unconstitutionally vague. We disagree, having recently rejected a similar challenge to an even broader phrase in *United States v. Hudson*, 986 F.3d 1206, 1216 (9th Cir. 2021). *Hudson* involved a conviction under a federal statute that imposes additional penalties on defendants who have previously been convicted of offenses "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *Id*. at 1211 (quoting 18 U.S.C. § 2252(b)(2)).

---

[1] Hernandez-Lincona's reliance on *Shular v. United States*, 140 S. Ct. 779 (2020)—a case decided after *Flores*—fares no better. *Shular* did not modify or displace the "generic" categorical approach as described in *Taylor v. United States*, 495 U.S. 575 (1990), which Hernandez-Lincona acknowledges is the correct approach here. *See Shular*, 140 S. Ct. at 783 (describing the "generic" categorical approach, which requires courts to "define the offense so that [they] can compare elements, not labels"). So even after *Shular*, *Flores* continues to bind us on the issue of irreconcilability.

The definition Hernandez-Lincona challenges here is more precise: it lacks the phrase "relating to," which had a "broadening effect" on the statute in *Hudson*. *Id.* at 1213. We are bound by *Hudson*, and likewise conclude that our definition of "sexual abuse of a minor" as the term is used in § 1101(a)(43)(A) is not void for vagueness.

**AFFIRMED.**