**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ALBERTO CASTILLO, | No.   20-73125 |
| Petitioner, | Agency No. A096-795-038 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2021[**]
Pasadena, California

Before:  W. FLETCHER, RAWLINSON, and OWENS, Circuit Judges.

Petitioner Carlos Alberto Castillo (Castillo), a native and citizen of El

Salvador, petitions for review of a decision from the Board of Immigration

Appeals (BIA) upholding the order from the Immigration Judge (IJ) finding

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Castillo removable as an alien convicted of an aggravated felony, sexual abuse of a

minor, and denying his motion to remand to apply for a waiver of inadmissibility.

We have jurisdiction under 8 U.S.C. § 1252 and review questions of law de

novo. *See Villavicencio v. Sessions*, 904 F.3d 658, 663 (9th Cir. 2018), *as

amended*. We review the denial of a motion to remand for abuse of discretion, and

it is the petitioner's burden to establish prima facie eligibility for the relief sought.

*See Konstantinova v. I.N.S.*, 195 F.3d 528, 529 (9th Cir. 1999); *see also Ng v.

I.N.S.*, 804 F.2d 534, 538 (9th Cir. 1986).[1]

**1.** We have "developed two definitions specifying the elements of the

federal generic offense of sexual abuse of a minor." *Quintero-Cisneros v.

Sessions*, 891 F.3d 1197, 1200 (9th Cir. 2018). The first definition, articulated in

*Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc),

"applies mainly to statutory rape offenses." *Quintero-Cisneros*, 891 F.3d at 1200.

The second definition, articulated in *United States v. Medina-Villa*, 567 F.3d 507,

513 (9th Cir. 2009), "applies to all other offenses." *Quintero-Cisneros*, 891 F.3d at

1200. The government concedes that the BIA erred in finding that the statute

---

[1] The BIA held that Castillo waived any arguments surrounding the IJ's particularly serious crime determination, as well as the IJ's denial of Castillo's claim for protection under the Convention against Torture. He does not contest those holdings on appeal, and those arguments are waived. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

under which Castillo was convicted, California Penal Code (CPC) § 288a(b)(2), was a categorical match for the *Medina-Villa* definition. However, the government urges us to apply the *Estrada-Espinoza* definition in the first instance to conclude that Castillo was actually convicted of an aggravated felony. But "[o]ur review is limited to those grounds explicitly relied upon by the [Board]." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075 (9th Cir. 2020) (citation omitted). We must remand for the BIA to apply the correct definition in the first instance. *See Singh v. Gonzales*, 494 F.3d 1170, 1173 (9th Cir. 2007); *see also Barroso v. Gonzales*, 429 F.3d 1195, 1209 (9th Cir. 2005).

**2.** The BIA did not address Castillo's argument that his conviction under California Health & Safety Code § 11350(a) was properly vacated and should be deemed invalid for immigration purposes. Accordingly, that issue is not properly before us and is dismissed without prejudice to renewal on remand. *See Singh*, 494 F.3d at 1173; *see also Barroso*, 429 F.3d at 1209.

**3.** We have jurisdiction to analyze the BIA's denial of a motion to remand to apply for adjustment of status. *See Konstantinova*, 195 F.3d at 529 (reviewing denial of motion to remand). The BIA determined that Castillo failed to establish prima facie eligibility for adjustment of status. The BIA noted that Castillo's Form I-130 had been filed but had not been approved, rendering Castillo's "eligibility for

such relief . . . speculative." Castillo has not cited any authority to support his argument that a pending application is sufficient to establish a prima facie case of eligibility. Indeed, our precedent has only recognized approved applications as establishing prima facie eligibility for relief. *See Hernandez v. Ashcroft*, 345 F.3d 824, 842 (9th Cir. 2003) ("Of course, an immigrant visa cannot be immediately available to a petitioner unless a petition on her behalf has been approved.") (citations and footnote reference omitted); *see also Agyeman v. I.N.S.*, 296 F.3d 871, 879 n. 2 (9th Cir. 2002) ("The *approved* I–130 provides prima facie evidence that the alien is eligible for adjustment as an immediate relative of a United States citizen. . . .") (citation omitted) (emphasis added). The BIA did not abuse its discretion in denying Castillo's motion to remand.

The petition is **GRANTED and REMANDED** as to the BIA's determination that CPC § 288a(b)(2) is a categorical "sexual abuse of a minor" aggravated felony as defined in *Medina-Villa*, 567 F.3d at 513. On remand, the BIA shall determine, after applying the *Estrada-Espinoza* generic definition, whether Castillo's conviction under California Penal Code § 288a(b)(2) was for an aggravated felony.

The petition is **DENIED** as to Castillo's motion to remand and his claims for withholding of removal and CAT relief.

4

The petition is **DISMISSED** as to Castillo's conviction under California Health & Safety Code § 11350(a), without prejudice to renewal on remand.

Each party shall bear its costs on appeal.